WEIL <em>et al.</em> v. LOWENTHAL.

1. JURISDICTION. The District Courts of this State can acquire no jurisdiction of the person of a non-resident of the State by service of original notice beyond their respective geographical limits.

| 10 | 575 |
|----|-----|
| 78 | 160 |
| 10 | 575 |
| 82 | 140 |
| 10 | 575 |
| 87 | 28 |
| 10 | 575 |
| f134 | 245 |

2. SAME. The jurisdiction of the District Court in actions *in rem* and *in personam* discussed.

3. SERVICE OF NOTICE. The original notice in an action pending in the District Court of Scott county, in this State, was served by the sheriff of said county, on the defendant at his residence in the State of Illinois ; and the first return made showed that the service was made by the sheriff in his official character, and a second return was made under oath, which merely referred to the first and stated that the service was made as therein recited, *Held:*

1. That as sheriff he could make no official service beyond the limits of the State.

2. That the two returns showed that the service was made by him as an officer, and that it was insufficient.

4. SPECIAL APPEARANCE. A defendant does not by a special appearance to object to the insufficiency of the service of original notice thereby confer jurisdiction upon the court.

*Appeal from Scott District Court.*

SATURDAY, OCTOBER 6.

THE plaintiff brought suit against Acks as the maker, and Lowenthal, the appellant, as the indorser of a promissory note. The original notice was served upon the appellant in the county of Rock Island, State of Illinois, by the sheriff of Scott county, of this State. Lowenthal appeared for the special purpose of objecting to the jurisdiction of the court, and filed a motion to dismiss the said cause as against him, on account of the insufficiency of the notice and the service thereof. This motion was overruled, and a judgment was rendered against appellant by default.

*J. H. Stewart* for the appellant, contended that the District Courts of this State can acquire jurisdiction of a resident of another State, only by personal service of notice within the territorial limits of the district, and that jurisdiction of property, in proceedings *in rem*, can be acquired only when the property is within the district; citing *Buchanan* v. *Rucker*, 1 Camp. 63; S. C. 9 East 192 ; *Kilburne* v. *Woodworth*, 5 John. 37, and the cases there cited; *Shumway* v. *Stelman*, 6 Wend. 447; *Mills* v. *Duryea*, 7 Cranch. 481; *Borden* v. *Fitch*, 15 John. 140; *Andrews* v. *Montgom-*

*ery*, 19 John. 162; *Kibbe* v. *Kibbe*, Kirby (Conn.) 119; *Bissell* v. *Briggs*, 9 Mass. 467; *Aldrich* v. *Kinney*, 4 Conn. 380, and the authorities there cited.

No appearance for the appellees.

BALDWIN, J.— Two objections are made by the appellant to the sufficiency of the notice and service to give the District Court jurisdiction over the appellant. The notice was served by the sheriff of Scott county, upon the defendant in the State of Illinois; and his return is made upon said notice by him as the sheriff of said county. The return is afterwards amended by said sheriff by adding his affidavit thereto, in which he states that the service upon the appellant was made in the manner and form as set forth in his original return.

This service is clearly defective. The sheriff of Scott county had no power, as such officer, to serve the notice outside of the limits of his bailwick; much less outside of the boundary line of his State. The affidavit does not aid the defective service. Under sections 1718 and 1732 of the Code, the original notice may be served by any person not a party to the suit. When not made by the sheriff, the service may be proved by the affidavit of the person who made the same. This return is made by the sheriff in his official capacity. The affidavit does not change the character of the return. It only strengthens it (if anything,) by showing that it was done in the manner and form therein set forth. What manner and form? Merely that he served the same as sheriff of Scott county, by reading the notice to appellant in the State of Illinois.

The second question presented by appellant is, admitting that the service had been made in a proper manner, would this have given the court jurisdiction over the person of appellant? The plaintiff sought to recover a personal judgment. It was not a proceeding against defendant's property,

and the ruling of the court must have been based upon a construction of section 1718 of the Code, that the service of the original notice can be made upon a party out of the State as well as within it. We will regard it as conceded that the appellant was not a resident or citizen of this State. If he had been, the proper mode of service would have been to have left a copy of such notice at his usual place of residence, he not being found. The presumption is, that he was a citizen of Illinois when the service was made. As a citizen of a sister State, he owed no allegiance nor was he amenable to the laws of this State, unless found within its jurisdiction. The constitution of our State does not give, nor can the legislature by any enactment confer, upon the District Court, jurisdiction over the person of a citizen of another State. This doctrine is so well settled, and carries with it so much common sense and justice, that we regard it as useless to add anything further in support of it. Such a construction is also contradictory to the provision of section 1701, which provides that if the person about to be sued has no residence within the State, he may be sued in the county wherein he may be found. Story in his work upon the Conflict of Laws, section 539, says, "no sovereignty can extend its process beyond its own territorial limits to subject either person or property to its judicial decisions. Every exertion of authority of this sort beyond this limit is a mere nullity, and incapable of binding such persons or property in any other tribunals."

We do not consider that the appellant waived the objection to the jurisdiction of the court by his special appearance. The decision of this court in the case of *Ulmer et al.* v. *Hiatt et al.*, 4 G. Greene 439, recognizes the practice and the right of the defendant to appear specially and plead to jurisdictional questions.

Judgment against the appellant is reversed.