BATES v. THE CHICAGO AND NORTH WESTERN RAILWAY COMPANY.

1. **Jurisdiction:** SERVICE BEYOND THE STATE. The courts of this State cannot, in an ordinary personal action, acquire jurisdiction of the person of a non-resident defendant, so as to proceed to judgment, when such non-resident is, without more, served with notice out of the State.

Bates v. The Chicago and North Western Railroad Co.

*Appeal from Dubuque District Court.*

TUESDAY, OCTOBER 10.

THE petition in this case alleges that the defendant is a corporation owning and operating a railroad from Chicago to Freeport in the State of Illinois; that the plaintiff paid his fare and took passage on the cars of defendant from Freeport to Chicago, and by reason of the careless and unskillful management on the part of defendant, the cars were thrown from the track and plaintiff thereby greatly injured and to his damage ten thousand dollars. The original notice was served on defendant in Chicago, Illinois. At the appearance term the defendant failing to answer, the plaintiff moved for a default, which was refused, and from the order refusing default, the plaintiff appeals.

*D. E. Lyon* for the appellant.

No appearance for the appellee.

COLE, J. — The only question in this case is, whether the courts of this State can, in an ordinary personal action,

1. JURISDIC-
TION: ser-
vice beyond
the State. acquire jurisdiction of the person of a non-resident defendant, so as to proceed to judgment, when such non-resident is, without more, personally served out of the State.

Section 2815 of the Revision simply provides *when* the defendant shall appear, *after* the service has been duly made, but does not in any manner prescribe the kind of service or the jurisdiction acquired by means of the service. Subsequent sections, from 2816 to 2839 inclusive, prescribe the manner of service and return in the various instances specified.

Section 2831 provides that service may be made by publication in either of eight different cases enumerated, the fifth of which is as follows: "In actions brought against a non-resident of this State, or a foreign corporation, having in this State property or debts owing to such defendant, sought to be taken by any of the provisional remedies, or to be appropriated in any way." Section 2835 then provides that "actual personal service of the notice, either within or without the State, supersedes the necessity of publication."

That is to say, that actual personal service of notice upon a non-resident or foreign corporation defendant, either within or without this State, in the cases specified, shall stand in the place of publication. And it is not anywhere provided that service may be made out of the State, except when such service may be made by publication; and such service out of the State simply supersedes the necessity of publication.

The foregoing provisions are found in chapter 120 of the Revision, entitled "manner of commencing actions." In a subsequent chapter of the Revision, entitled "trial and its incidents," it being chapter 123, it is provided as follows.: "Section 3164. No personal judgment shall be rendered against a defendant served by publication only, who has not made an appearance. But a personal judgment shall be rendered against a defendant whether he appear or not, who has been served in any mode in this Code provided, other than by publication, whether served within or without this State."

This section does not extend the modes of service nor add to the cases in which service may be made, either by publication or by service without the State.

But it is only when service has been made in a "*mode in this Code provided*," that such personal judgment may be rendered; and it is nowhere provided that in personal

actions wherein no provisional. remedy is sought, that service can be made without the State.

Whether a personal judgment shall be valid and binding upon the defendant, so as to affect his property, within the State even, as contemplated by section 3164, further than such property is brought within the immediate jurisdiction of the court, by some of the provisional remedies specified in the Revision, is a question not involved in this case and which we do not determine. (But see extracts from Report Code Com. Rev., page 587.)

Since the plaintiff did not show that the defendant had property, or debts owing to him in this State, sought to be taken by any provisional remedy or to be appropriated in any way, the court did not err in refusing to enter the default. *Weil et al.* v. *Lowenthal*, 10 Iowa, 576; *Dorrance* v. *Preston*, Id.

Affirmed.