S. G. KELLY, Appellee, v. NORWICH FIRE INSURANCE COMPANY, Appellant.

1.  Courts: PROCESS : SERVICE : JURISDICTION.  The courts of a state cannot by the service of its process upon one beyond the territorial limits of the state acquire jurisdiction to render a personal judgment against him.

2.  Estoppel: PLEADING.  Where, upon the application of a party to a cause, another person is made a defendant as a necessary party thereto, he cannot in a subsequent proceeding be heard to claim that such person was properly represented in the former case by another as his trustee, and was bound by a personal judgment therein, although the court had no jurisdiction of his person.

3. **Judgment:** JURISDICTION: EVIDENCE. In an action upon an insurance policy by one claiming under an assignment thereof from the insured, the defendant alleged that no interest passed under the assignment to the plaintiff because of a previous assignment by the insured as collateral security to another party, who, in an action thereon in another state, was adjudged to be entitled to recover thereon as against both the plaintiff and the insured. In the latter action the plaintiff was made a defendant, and was personally served with notice of suit in this state, but the court had no jurisdiction of his person. *Held*, that after the assignments under which the plaintiff claimed the insured had no longer any interest in the policy, and was not a trustee for the plaintiff in said action, and said judgment was not admissible in evidence against the plaintiff herein.

4. **Evidence:** VALUE OF PROPERTY DESTROYED. A part of the property destroyed by the fire in controversy being "cold-storage eggs," *held*, that evidence of the price for which eggs could be purchased of producers at the time of the fire was inadmissible.

5. ———: ERRONEOUSLY EXCLUDED BUT AFTERWARDS ADMITTED: PREJUDICE. Where competent evidence is erroneously excluded, but the error is subsequently corrected by the admission of the facts sought to be elicited by the previous interrogatories, the error is without prejudice.

6. ———: INTEREST UNDER ASSIGNMENT. The fact that another party, claiming under a previous assignment of the policy to that made to the plaintiff, was in the habit of making advances to the insured, *held*, not competent as evidence of such party's right to recover upon the policy, or against the claim of the plaintiff herein.

7. ———: ADMISSIONS. Proof of the admissions of a commission merchant as to the quality of goods received by him from a consignor is competent in an action by the consignor against an insurance company to recover the value of his own goods, and those of others destroyed by fire.

8. ———: BURDEN OF PROOF. The plaintiff's right of recovery was disputed upon the ground, in part, that the insured had assigned all of his interest in the policy in controversy to another previous to the assignment to the plaintiff. *Held*, that the burden of proof upon such issue was upon the defendant.

*Appeal from Muscatine District Court.*—HON. C. H. WATERMAN, Judge.

WEDNESDAY, FEBRUARY 4, 1891.

ACTION upon a policy of fire insurance.   There was judgment upon a verdict for the plaintiff.   The defendant appeals.—*Affirmed.*

*Frederick P. Foster, Francis Speir* and *Jayne & Hoffman,* for appellant.

*J. Carskaddan* and *C. P. Garlock,* for appellee.

BECK, C. J.—I.   The policy in suit was issued to Charles H. Bartlett, and covered a stock of eggs, and packages and vats containing the same, owned by him, or held in trust or kept for sale, or sold, and not delivered.   The property insured, with the building containing it, was destroyed by fire.   After the loss, Bartlett assigned his policy and his right thereunder to Cook, Musser & Co., and S. G. Kelly, to secure indebtedness due to the assignees separately.   Cook, Musser & Co. assigned their interest in the policy and their claim thereunder to S. G. Kelly.   The defendant answered the petition alleging that Bartlett, at the time of the assignment by him just stated, had no interest in or under the policy, as he had, before the loss, and, almost immediately after the policy was issued, assigned and delivered it to John C. Mahr & Sons, as collateral security for an indebtedness due from him to them; and that Mahr & Sons instituted an action in chancery in the supreme court in the city and county of New York, in the state of New York, against the defendant herein, the insurance company, joining as defendants Bartlett and Kelly; and that a decree was entered therein enjoining and restraining them from receiving, or in any manner intermeddling with, the money or funds accruing upon the policy, also enjoining defendant herein from paying the same to them or their agents or representatives.   The answer also sets up, as a defense to the action, the existence of a condition in the policy against assignments without the assent of the defendant, and that the assignment shown above, under these conditions, defeated the policy.   A demurrer to this defense was sustained.

II. The defendant, in support of the allegations of its answer showing the chancery proceeding and decree of the supreme court of the city and county of New York, offered the judgment roll, being the record of the court, exhibiting the proceedings in the case. This evidence was rejected. The plaintiff insists that the record fails to show a decree, or indeed to show that it is a record of the court, as claimed by the defendant. In view of our conclusions upon the next point, we shall not pass upon the questions presented in this objection, but will assume for the purpose of the case that the transcript of the record in question is sufficient, and fully presents and attests the record of the court in which the proceedings in question were had.

III. However, in our opinion, the record of the New York court was rightly rejected for the reason that, as against Kelly, the party claiming in this case to hold the policy and all rights under it, the decree and proceedings are void for the reason that he was not served with process subjecting him to the jurisdiction of the court. Kelly was served with process in this state, and did not appear in the case. The New York court failed to acquire jurisdiction of his person by service of process in this state. The judgment, therefore, as to him is void. It is a settled rule of the law that a court can acquire no jurisdiction *in personam* by process served beyond the limits of its jurisdiction upon a defendant who is not a resident therein. *Lutz v. Kelly*, 47 Iowa, 307 ; *Melhop v. Doan*, 31 Iowa, 397; *Smith v. Griffin*, 59 Iowa, 409 ; *Weil v. Lowenthal*, 10 Iowa, 575; *Bates v. Railroad*, 19 Iowa, 260 ; *Hakes v. Shupe*, 17 Iowa, 465. As the New York court had no jurisdiction of the person of Kelly, the decree entered by it against him is void.

1. COURTS: process: service: jurisdiction.

IV. Counsel insists that Bartlett was, under the policy of insurance, a trustee or agent for Kelly, and authorized to do all acts pertaining to the business connected with the insurance and property insured necessary for the protection of Kelly's interest therein, and that, under this state of facts, an

2. ESTOPPEL: pleading.

action may be prosecuted against Bartlett as a trustee, affecting the insurance contract, which would bind Kelly, though he were not a party thereto. Counsel insist that, though Kelly was not a necessary party, he is bound, through Bartlett, by the decree in the case.

The fact that Bartlett was a trustee for Kelly may be assumed for the purpose of this case. But defendants are not in a condition to insist in this case that Kelly is not a necessary party to the action. In answer to the petition of Mahr & Sons in the New York case, it set up as a defense that Kelly was a necessary party to the suit, and asked that the action against it be dismissed, unless Kelly were made a party and brought into court by proper process. By proper pleadings, Kelly was made a party to the suit, and process was issued against him, which, as we have seen, was served in this state. Surely, the defendant, after having by pleadings claimed that Kelly was a necessary party, and procured the order making him a party, and had process issued against him, cannot turn around and claim that he was not a necessary party, having insisted upon proceedings and judgment against him as such. It cannot institute a proceeding at law, and, after judgment is rendered against the defendant in it, insist that he is not a necessary party to an action. Whenever the proceedings are brought up for consideration in connection with its interests or claims, they will estop defendant from denying the allegations of its pleadings upon which the proceedings are based.

V. In our opinion, Bartlett was not, after the assignment by him to Cook, Musser & Co. and Kelly, and by Cook, Musser & Co. to Kelly, a trustee or agent for Kelly. He may have had that relation as to a part of the property insured before the assignments, but he assigned all his title and interest which he held personally, or as an agent or trustee for Kelly and Cook, Musser & Co., and by a subsequent assignment Kelly acquired the whole of such interest. Now, if the assignment to Kelly were valid and effective, he held the interest in the policy as

3. JUDGMENT: jurisdiction: evidence.

against Mahr & Sons. He insists that he does hold that interest. It will not do to defeat him by alleging that he was represented by Bartlett as his trustee in the New York case, the very question which was raised in that case, and which ought to have been determined therein, after jurisdiction of Kelly's person had been lawfully acquired. But no such jurisdiction was required, and the judgment against Kelly is void. It is very plain that Kelly's rights cannot be defeated by the New York judgment, supported by the assumption that Bartlett was Kelly's trustee, when in fact Kelly bases his right upon the claim that Bartlett had transferred his title and interest as a trustee to him. These considerations lead us to the conclusion that the court below rightly refused to admit the record of the New York proceedings in evidence in this case.

VI. The defendant proposed to prove by two witnesses the price paid for the eggs by Kelly and Bartlett which were destroyed by fire. The evidence was rightly excluded. The eggs destroyed were in cold storage, and were "cold-storage eggs." The evidence was not intended to show what price had been paid for cold-storage eggs, but for eggs bought from producers. It is very plain that the price paid for such eggs would not tend to show the market value of cold-storage eggs. The evidence was rightly rejected.

4. EVIDENCE: value of property destroyed.

VII. Bartlett was asked upon his cross-examination to state what he had done with the policy, and where it was. Objections to the questions were sustained, and the ruling is complained of as an error. Upon a subsequent examination the witness stated the facts sought to be elicited by the questions. If the rulings of the court were erroneous, the error was corrected by the subsequent admission of the evidence.

5. ——: erroneously excluded but afterwards admitted.

VIII. The same witness was asked if Mahr & Sons were not in the habit of advancing on eggs. The evidence was rightly excluded. It did not tend to show that Mahr & Sons were entitled

6. ——: interest under assignment.

to recover on the policy, or that plaintiff was not. It tended to support no issue in the case, and was rightly rejected.

IX.  Kelly testified that he shipped eggs to Bartlett to be put in cold storage, and stated the number of cases shipped. The eggs were assorted and those fit for that. purpose were put in cold storage. He stated that he knew how many cases he had in cold storage only from the statement made by Bartlett. The defendant moved to strike out this evidence, on the ground that it was hearsay. We think the evidence was rightly permitted to stand, in view of the fact that the statement of the quantity of eggs in cold storage was based upon the reports or statement of Bartlett, who had charge of the business, and was bound by his own admission as to the number of eggs. A warehouse receipt would tend to show the quantity of property in store, as a contract and admission of the warehouseman. The admissions testified to are of the same character. These considerations, in view of the further fact that Bartlett testified to the quantity of eggs (and there is no dispute as to the correctness of his evidence), lead to the conclusion that no prejudice resulted to defendant from the refusal of the court below to sustain the motion to strike the evidence.

*7. ——: admissions.*

X.  The court directed the jury that the burden rested on the defendant to show that the policy was assigned to Mahr & Sons. Counsel insist that the burden rested on the other party to show that it was not so assigned. The defendant, as a defense, pleaded the assignment to Mahr & Sons. Surely, there is no presumption in law of the fact pleaded as a defense which changes the rule and casts the burden on the other party. The burden rests on the plaintiff to show the assignment to himself, and it rests on Mahr & Sons to establish the assignment by which they expect to defeat the assignment of the plaintiff.

*8. ——: burden of proof.*

XI.  A motion to make Mahr & Sons parties was rightly overruled. They were not interested in the

event of the suit, for the reason that a judgment in it would not affect them. The plaintiff was not required to make them, or others who may claim an interest adverse to the plaintiff, parties to the suit. It will be remembered that this is an action at law, to recover on a contract. The plaintiff shows an assignment of the contract to himself. He is not required to inquire if there are others who claim to hold an interest in the contract. Mahr & Sons could have, under the statute, intervened, but the plaintiff's action cannot be defeated on the ground that they were not made parties to the suit.

XII. The verdict and special findings are sufficiently supported by the evidence. The foregoing discussion disposes of all the questions in the case.

The judgment of the district court is AFFIRMED.