---

### √AN DRESSER v. OREGON RY. & NAV. CO. et al.

*(Circuit Court, D. Washington, S. D.  November 12, 1891.)*

1. CORPORATIONS—WHERE SUABLE.
    A corporation created by an act of congress may be sued in the federal courts in any district where it is doing business, and has an agent upon whom service can be made, notwithstanding that its principal office is in another state.
2. WRITS—CORPORATION DOING BUSINESS IN STATE—SERVICE ON AGENT.
    The Union Pacific Railway Company, having formed a combination, under the name of the "Union Pacific System," with various other companies, including the Oregon Short Line Company, which operates a railroad in Washington, and being engaged in making contracts therein for freight and passenger service under the name of the system, must be considered as doing business in that state, and a service of summons upon an agent therein, who is authorized to act for all the companies of the system, is a service upon the corporation.
3. SAME—SERVICE ON LESSEE.
    When a domestic corporation owning a railroad in the state leases the same to another company without the authority or consent of the state, but continues its corporate existence, and receives a revenue under the lease, its lessee must be considered as its agent to carry on the business; and in an action for a tort committed in operating the road, service of summons upon the agents of the lessee is service upon the lessor company.
4. SAME—SERVICE ON FOREIGN CORPORATION.
    When a state law provides that service may be made upon a foreign corporation doing business therein by serving the summons upon its agents, any foreign corporation subsequently doing business in the state is deemed to consent to this condition, and is bound by a service in the method prescribed
5. SAME—FOLLOWING STATE PRACTICE.
    The rules of procedure prescribed by a state for obtaining service upon a foreign corporation doing business therein govern the federal courts, and service in the manner prescribed confers upon them jurisdiction over such corporation.

At Law.  Action for damages for personal injuries by Elmer L. Van Dresser against the Oregon Railway & Navigation Company, the Oregon Short Line & Utah & Northern Railway Company, and the Union Pacific Railway Company.  On pleas to the jurisdiction.  Overruled.

*Thomas H. Brentz* and *M. M. Godman*, for plaintiff.

*W. W. Cotton*, for defendants.

HANFORD, J.  The Oregon Railway & Navigation Company is a corporation created and existing under the laws of the state of Oregon, and is the owner of a line of railway in this state, which is being operated pursuant to a lease thereof by the Oregon Short Line & Utah & Northern Railway Company, a corporation created by an act of congress, having its principal office at Cheyenne, in the state of Wyoming.  The Union Pacific Railway Company is also a corporation created by an act of congress, having its principal office at Boston, in the state of Massa-

chusetts, and is connected with the other corporations by being a party to the lease above mentioned, and also by reason of the fact that it and the Short Line Company, and several other railway companies, are associated together, for their mutual convenience and profit, in the carrying business, under the name of the "Union Pacific System." These three corporations, which, for the sake of brevity, I will designate the "Oregon Company," the "Short Line Company," and the "U. P. Company," are charged in the complaint in this action with negligence in the running of a train of cars on the line of road in this state, of which the Oregon Company is the owner, and the Short Line Company is the lessee, causing a personal injury to the plaintiff, for which he sues to recover damages. Each of the defendants has appeared specially, and filed a separate plea in abatement, denying the jurisdiction of the court. By stipulation of the parties a jury was waived, and the case has been tried before the court, and submitted upon the pleas, replications thereto, and evidence.

The Short Line Company is the central figure in this litigation, by reason of the fact that it was at the time of the injury complained of engaged in operating the railroad referred to, and, by its servants and agents, had the management and control of the train of cars upon which the accident happened. By its plea challenging the jurisdiction of the court this corporation assumes to be in this state a foreign corporation, by reason of the fact that it has a principal place of business, where its seal is kept, in another state. It contends that, by the provisions of the act defining the jurisdiction of the circuit courts of the United States, it is not suable by original process in a circuit court of the United States in any district other than the one in which it has its legal residence. If it were true that this corporation is legally a citizen of the state of Wyoming, and not an inhabitant of this state, I think the case would be cognizable in this court, by reason of the diverse citizenship of the parties, the plaintiff being a citizen of this state. But the argument is based upon false premises. This corporation is a creature of congress, and is within the territorial limits of this state, transacting business under and by virtue of national authority. It is, in every state and territory of the Union in which it may lawfully exercise its powers, a domestic institution. 2 Mor. Priv. Corp. § 984. I hold that it is liable to be sued in the national courts in any district wherein it may be found doing business, and having an agent or representative upon whom service of process can be made. It is not denied that in this case process has been served, in the manner provided by the laws of this state, upon an authorized agent of the defendant, having at the time the management and superintendence of its business, I must conclude, therefore, that it is bound to answer the complaint in this action.

The U. P. Company bases its plea upon the same ground, and also upon a denial of the fact that the person upon whom the process was served was or is its agent; and it denies that it is transacting business, or that it has any agent authorized to receive service of process for it, in this state. The testimony shows, and I have found as a fact, however,

that this corporation is an active competitor for the through freight and passenger traffic between all points in this state and Omaha, Kansas City, Chicago, and all points east; and, to aid in securing as large a share as possible, it has formed a combination with the Short Line Company, operating lines of railway and steamers in this state, and other corporations operating connecting railways in other states, under the name of the "Union Pacific System." It is the owner of a line of railway which is part of the system, and engaged in operating it. Every contract made in that name, for a passage or for transportation of freight over its railway, must be regarded as its contract, and is binding to the same extent as if made in its corporate name. The evidence shows that such contracts are being made in this state continually, for its benefit and profit, with its knowledge and consent, and the person upon whom the summons was served in this case was at the time a duly-authorized ticket and freight agent of each and all the associated companies composing the Union Pacific System. I hold, therefore, that the U. P. Company is a corporation doing business in this state, and that it should not be allowed to repudiate the agency of the officer through whom it is transacting business and receiving gains.

The Oregon Company admits that the case is one of which the court would have jurisdiction, by reason of the diverse citizenship of the parties, and the residence of the plaintiff within this district, if the summons had been served upon any officer or agent authorized to represent it within this state; but it denies the agency of the person upon whom the papers were served, and denies that it has any agent, or is doing business, within this state. Against these denials are the incontrovertible facts that it is an existing corporation; that, under and pursuant to the laws of this commonwealth, it constructed within the territorial limits thereof, and put in operation, lines of railway, of which it is now the lessor, and from the continued operation of which it is receiving revenue. It is in fact the owner of portions of the public highways of this state, having a franchise from the state to maintain and operate the same for public convenience, as well as for the pecuniary benefit of its stockholders. As the owner of such franchise, it is invested with part of the sovereign powers of the state. True, it has made a contract with the other defendants, whereby it has leased for a definite period its lines of railway, and authorized another party to manage and operate the same. The state has not, however, by any law authorized or ratified the making of this lease, or consented to the transfer of the franchise, or relieved this corporation from responsibility as owner of its railway lines. Without such authority and consent, the lease introduced in evidence is binding only upon the parties to it. As between themselves, it may limit their rights and fix their responsibilities; but this plaintiff, as a member of the public, is in no way affected by it. His rights are the same as if no such contract had been made or attempted. *Lakin* v. *Railroad Co.*, (Or.) 11 Pac. Rep. 68; *Breslin* v. *Railroad Co.*, (Mass.) 13 N. E. Rep. 65; *Palmer* v. *Railway Co.*, (Idaho,) 16 Pac. Rep. 553; *Railroad Co.* v. *Brown*, 17 Wall. 445; *Railroad Co.* v. *Crane*, 113 U. S. 433,

434, 5 Sup. Ct. Rep. 578; *Oregon Ry. & Nav. Co.* v. *Oregonian R. Co.*, 130 U. S. 1, 9 Sup. Ct. Rep. 409.

By the laws of this state foreign corporations doing business here are required to have within the state an agent authorized to accept service of process, to bind the corporation in any case to which it is a party. It is also provided by statute that in suits against any railroad corporation a summons may be served by delivering a copy thereof, with a copy of the complaint in the action, to any station, freight, ticket, or other agent of such corporation within the state; and that in suits against foreign corporations service may be made by delivering the papers to any agent, cashier, or secretary thereof. By numerous decisions, it is established as part of the common law of this country that, where a state makes conditions upon which foreign corporations may do business, and provides a method whereby the courts of the state may acquire jurisdiction over them by service of process upon designated agents within the state, a foreign corporation, subsequently doing business in the state, is deemed to consent to the conditions, and to be bound by the service of process in the manner specified by the statute. *Gibbs* v. *Insurance Co.*, 63 N. Y. 114; *McNichol* v. *Mercantile Agency*, 74 Mo. 457; *Ehrman* v. *Insurance Co.*, 1 McCrary, 123, 1 Fed. Rep. 471; *Bank* v. *Huntington*, 129 Mass. 444; *Insurance Co.* v. *French*, 18 How. 404; *Railroad Co.* v. *Harris*, 12 Wall. 81; *Ex parte Schollenberger*, 96 U. S. 369; *St. Clair* v. *Cox*, 106 U. S. 350, 1 Sup. Ct. Rep. 354; *Milling Co.* v. *Pennsylvania*, 125 U. S. 181, 8 Sup. Ct. Rep. 737. In harmony with these principles, I hold that the Oregon Company, by constructing and acquiring the ownership of its lines of railway in this state, and transacting its business here, consented to become subject to the laws of this state governing the commencement and prosecutions of suits in the courts of the state, and to be bound by the service of process upon its agents in all cases in which it should be a party. I hold, further, that, as its franchise has not been transferred with the consent of the state, whoever, with its knowledge and consent, has the actual control and superintendence of its railway, must be regarded as its authorized agent and representative, and that it will be bound by the service of process upon such an agent. *Thomas* v. *Mining Co.*, 65 Cal. 600, 4 Pac. Rep. 641. The laws of the state providing for the service of process of the state courts in actions at law furnish the rules for procedure in such cases in this court, so that whatever would be lawful service of process to bring a party into court, if the action were in a court of competent jurisdiction under the state government, is lawful and sufficient for the purpose in actions commenced in this court. *Ex parte Schollenberger*, 96 U. S. 369; *Insurance Co.* v. *Woodworth*, 111 U. S. 146, 4 Sup. Ct. Rep. 364; *In re Louisville Underwriters*, 134 U. S. 493, 10 Sup. Ct. Rep. 578; 2 Mor. Priv. Corp. § 983.

It is my conclusion that this defendant is an existing corporation, doing business in this state by and through an authorized agent; that the laws of the state provide that it may be sued in the courts of the state, and prescribe a mode of serving process, by which it may be brought

within the jurisdiction of said courts; and that in this case service has been made in the mode so prescribed. These are the essentials of jurisdiction, and all that is necessary to bring the case and the defendant fully within the jurisdiction of the court. *U. S.* v. *Telephone Co.*, 29 Fed. Rep. 35.

The pleas are all bad, and will be overruled.