FISHER & VAN GILDER, Appellee, v. FIRST TRUST JOINT STOCK LAND BANK OF CHICAGO, Appellant.

No. 40278.

JUNE 23, 1930.

*Lehmann, Hurlburt & Hossfeld,* for appellant.

*Watson & Watson,* for appellee.

DE GRAFF, J.—The sole question presented for decision is whether jurisdiction of the defendant was acquired by the service of the original notice on the vice president of the defendant Federal corporation in Chicago, Illinois, the domicile of the corporation, under its charter, granted by an act of Congress. It is admitted that the defendant Joint Stock Land Bank had its principal place of business in Chicago, had no agent, representative, or office in the state of Iowa, and had been engaged, and had the right to be engaged, in business, under the provisions of its charter, in the state of Iowa. One provision reads:

"That no loans shall be made which are not secured by first mortgages on farm lands within the state in which such joint stock land bank has its principal office, or within some one state contiguous to such state." Section 818, Title 12, United States Code, Annotated.

The state of Iowa is contiguous to the state of Illinois.

This is an action *in personam,* since the petition filed by plaintiff (a copartnership) in the district court of Iowa in and for Warren County predicates the cause of action on a transaction between plaintiff and defendant, involving a commission of $2.00 per acre due plaintiff, as alleged, for the sale of a tract of 716 acres of Lucas County, Iowa, land. Plaintiff demands money judgment against the defendant in the sum of $1,500 on account of services rendered as aforesaid, at the instance and request of the defendant.

The respective contentions of the plaintiff-appellee and of the defendant-appellant may be briefly stated. The plaintiff claims that the defendant corporation, although federal in origin, is a domestic corporation, and a resident of any state in which it transacts business. The claim of the defendant is that a Federal corporation, unless specifically made so by statute,—as, for example, a national banking association,—is not

a citizen or resident of the states (other than its domicile) in which it transacts its business. The defendant corporation is by statute a national or Federal corporation. The defendant, Joint Stock Land Bank, was organized under the Federal Farm Loan Act of July 7, 1916, with its principal place of business in Chicago, Illinois. Confessedly, the defendant Federal corporation while doing business in Iowa was not a foreign corporation, within the ordinary meaning of that term. May it be viewed as a domestic corporation, which connotes a corporation organized under the law of this state, and therefore under the jurisdiction of the courts of this state, as defined by the state statute? Clearly not, as it was created by an act of Congress. The appellee affirms that the defendant corporation did have a residence in Iowa because it transacted business in Iowa. The words "citizenship," "residence," and "domicile" express, as a general rule, distinct legal concepts. A domicile is the place with which a person has a settled connection for legal purposes, either because his home is there or because it is assigned to him · by the law.. Every person has at all times one domicile, but no person has more than one domicile at a time. See Dicey's Conflict of Laws (1927) (4th Ed.) 89.

Clearly, the domicile of the defendant corporation, as defined by charter, is Chicago, Illinois. If the domicile of the defendant were not fixed by its charter, there might be some merit in the contention of appellee that the defendant has a residence in every state wherein it does business and is privileged by its charter to do business. See 1 Thompson on Corporations (3d Ed.) 184, Section 158; 14A Corpus Juris 1214, Section 3924.

The term "residence" has many shades of meaning, from mere temporary presence to the most permanent abode. Generally, however, it is used to denote something more than mere physical presence, and generally the term, when used in statutes, is interpreted by the courts as meaning domicile, but subject to important exceptions. Broad generalization must be indulged in with caution. See Goodrich on Conflict of Laws 12–27.

The domicile of a corporation is the place considered by law to be the center of its affairs, and the place where its functions are discharged. See Dicey's Conflict of Laws (4th Ed.) 151.

The difficulty in the case at bar arises from the fact that

Congress, in the act creating joint stock land banks, did not define the status in jurisdictional matters, as was done under the National Banking Act. United States Code, Annotated, Title 28, Section 41, Paragraph 16. Therein it is provided that all national banking institutions shall be deemed citizens of the state in which they are respectively located.

What is the statute of Iowa governing jurisdiction to enter personal judgment, as prayed in the instant case? Section 11601, Code, 1927, reads:

"A personal judgment may be rendered against a defendant, whether he appears or not, who has been served in any mode provided in this Code other than by publication, whether served within or without this state, if such defendant is a resident of the state."

The important word in this statutory provision is "resident." The law of Iowa, as judicially interpreted, governing a defendant "nonresident" is not subject to serious debate. Service on a nonresident outside the state confers no jurisdiction to render a personal judgment against such defendant. *Richardson v. Richardson,* 134 Iowa 242; *Bank of Horton v. Knox,* 133 Iowa 443; *Lutz v. Kelly,* 47 Iowa 307; *Darrance v. Preston,* 18 Iowa 396; *Weil v. Lowenthal,* 10 Iowa 575. A personal judgment cannot be rendered against a nonresident corporation by a service of notice outside the state. *Bates v. Chicago & N. W. R. Co.,* 19 Iowa 260. Actual personal service without the state upon a person not a resident or citizen of the state is equivalent to notice by publication, and does not confer jurisdiction to render a personal judgment. *Griffith v. Milwaukee Harvester Co.,* 92 Iowa 634.

What is the domicile of a corporation created by an act of Congress? It is the place where its principal office is located. *Rosenbaum v. Union Pac. R. Co.,* 2 How. Pr. (N. S.) 45, affirmed 100 N. Y. 617 (mem.) A Federal corporation other than a national bank is not a citizen or resident of the states in which it transacts its business. *Bankers Tr. Co. v. Texas & Pac. R. Co.,* 241 U. S. 295 (60 L. Ed. 1010). Doing business by a nonresident defendant in a state other than its domicile does not imply consent to be reached by process of the courts in that state. *Hess v. Pawloski,* 274 U. S. 352 (71 L. Ed. 1091).

A corporation cannot change at will its residence or its citizenship. It can have its legal home only at the place where it is located by or under the authority of its charter. *Ex Parte Schollenberger*, 96 U. S. 369, 377.

In the case of *Railroad Co. v. Koontz*, 104 U. S. 5, it is said:

"By doing business away from their legal residence they do not change their citizenship, but simply extend the field of their operations. They reside at home, and do business abroad."

In *Goodlett v. Louisville and N. Railroad*, 122 U. S. 391, there was a controversy as to whether the defendant railroad company, originally chartered by the state of Kentucky, was also a citizen or a resident of Tennessee, because it owned property, did business, and had agents in the latter state. It was held that a corporation could not have a double residence, and that it could be a resident only of Kentucky.

It is said in *Gormully & Jeffrey Mfg. Co. v. Pope Mfg. Co.*, 34 Fed. 818, l. c. 820:

"* * * but it seems to me a corporation must be held to be an inhabitant of the place where it has its principal place of business, where its corporate offices and records are kept, and its corporate meetings are lawfully held."

In *Bankers Tr. Co. v. Texas & Pac. R. Co.*, 241 U. S. 295, the plaintiff, trustee under the mortgage in suit, was a New York corporation, and was alleged to be a citizen of said state. The defendant, Texas & Pacific Railway Company, was a corporation created and existing under the laws of the United States, with its principal place of business and its principal operating general offices in the northern district of Texas, and was alleged to be a resident and inhabitant of that district. The Supreme Court of the United States in opinion said:

"It [Texas & Pacific Co.] was incorporated under acts of Congress, not under state laws; and its activities and operations were not to be confined to a single state, but to be carried on, as in fact they are, in different states. Of course, it is a citizen of the United States in the sense that a corporation organized under the laws of one of the states is a citizen of that state, but it is not within the clause of the Fourteenth Amendment which declares that native-born and naturalized citizens of the United

States shall be citizens of the state wherein they reside. Nor has Congress said that it shall be regarded as possessing state citizenship for jurisdictional purposes, as is done in respect of national banks by §24, Par. 16, of the Judicial Code. In short, there is no ground upon which the company can be deemed a citizen of Texas; and this being so, the suit is not one between citizens of different states."

The United States Supreme Court, in *Hess v. Pawloski,* 274 U. S. 352 (71 L. Ed. 1091), said:

"The mere transaction of business in a state by nonresident natural persons does not imply consent to be bound by the process of its courts."

The defendant corporation herein is a nonresident of the state of Iowa. It can have but one residence. This court recognized this legal fact in *Bennett v. Chicago Lbr. & Coal Co.,* 201 Iowa 770:

"Such a corporation is not ambulatory nor peripatetic. It can have but one 'residence,' that term being used in its popular sense. It is a creature of the state. In a sense, it is *always* 'at home' in Iowa."

In the instant case, the Federal corporation had its domicile defined by Congress, and "in a sense, it was always at home" at Chicago, Illinois.

It is said in *State ex rel. N. W. L. & C. Co. v. District Court,* 191 Iowa 244:

"A corporation is not ambulatory. * * * A corporation, unlike a natural person, has a statutory legal domicile in the state and county of its creation, which may not be changed at will, but only as authorized by statute. It is not migratory."

In *Hess v. Pawloski,* supra, decided May 16, 1927, the plaintiff in error appeared specially, for the purpose of testing jurisdiction. It is said:

"The process of a court of one state cannot run into another and summon a party there domiciled to respond to proceedings against him. Notice sent outside the state to a nonresident is unavailing to give jurisdiction in an action against

him personally for money recovery. *Pennoyer v. Neff*, 95 U. S. 714. There must be actual service within the state of notice upon him, or upon someone authorized to accept service for him. *Goldey v. Morning News*, 156 U. S. 518. A personal judgment rendered against a nonresident who has neither been served with process nor appeared in the suit is without validity.''

Counsel for plaintiff-appellee rely on *Bennett v. Chicago Lbr. & Coal Co.*, 201 Iowa 770, and on *Van Dresser v. Oregon R. & N. Co.*, 48 Fed. 202. Neither decision supports the contention of appellee. In the *Bennett* case, supra, the defendant corporation was an Iowa corporation, and it was held that personal judgment may be rendered against an Iowa corporation when an officer thereof is served with notice outside the state, because, as said in the opinion:

''Although perhaps not technically exact, it is quite proper to say that the defendant corporation is domiciled in this state. It is a domestic corporation. It came into being only by virtue of the laws of this state. * * * The state has inherent power and authority to prescribe the manner in which jurisdiction may be acquired over such a corporation * * *.''

In the *Van Dresser* case, supra, the defendant was a Federal corporation, having its principal place of business in another state,—to wit, Cheyenne, Wyoming,—and was sued in the Federal court of South Dakota, service being had on the manager of the line of the railroad involved which operated in South Dakota. It is true, the defendant Oregon Railway & Navigation Company was a corporation, and was a creature of Congress, and transacted business under and by virtue of national authority. In opinion it is said:

''I hold that it is liable to be sued in the national courts in any district wherein it may be found doing business, and having an agent or representative upon whom service of process can be made. It is not denied that in this case process has been served in the manner provided by the laws of this state upon an authorized agent of the defendant having at the time the management and superintendence of its business.''

It is apparent, therefore, that the *Van Dresser* case involves service on the managing agent in a state other than that

in which the corporation had its principal place of business, and the Federal court merely held that the defendant corporation was reached in South Dakota by service of notice on its managing agent.

The residence of the defendant Federal corporation, as alleged by plaintiff, is bottomed on the fact that the defendant did business in the state of Iowa. It was privileged by its charter to do so. This, however, does not, under the admitted facts, change a nonresident to a resident, and subject it to process, as claimed by plaintiff in the instant case.

In the light of the record before us, we hold that the defendant corporation, organized under a United States statute, with no office or agent in the state of Iowa on whom process may or could be served, was not bound to answer the petition of plaintiff. There was no legal service on the defendant.

The trial court was in error in overruling the special appearance and holding the defendant to answer.—*Reversed.*

MORLING, C. J., and STEVENS, ALBERT, and WAGNER, JJ., concur.