RAINWATER-BOOGHER HAT COMPANY v. O'NEAL & EVANS.

No. 3200.

**Affidavit for Attachment — Amount Due.** — A small mistake in stating the amount of the debt, clearly shown on the face of the affidavit to result alone from a miscalculation of interest, will not be fatal to the attachment obtained upon such affidavit. See example.

APPEAL from Hunt. Tried below before Hon. E. W. TERHUNE. The opinion states the case.

*Templeton & Evans,* for appellant, cited Donnelly v. Elser, 69 Texas, 283; Evans v. Towson, Smith & Co., 64 Texas, 199.

*B. F. Looney,* for appellees.—1. The remedy by attachment being summary and created by statute, the attaching creditor must comply with all those formalities which are deemed essential to the security of the debtor, such as stating with certainty and consistency the amount of the debt sued for. Dall., 386, 528; 1 Texas, 17; 3 Texas, 217.

2.   An affidavit for attachment that states the amount of the demand at one sum, and furnishes data showing a different amount, is uncertain and contradictory in itself, and does not comply with the statute. Rev. Stats., art. 152; 25 Texas, 342.

HENRY, ASSOCIATE JUSTICE.—This is a suit for debt, brought by the appellant.   The plaintiff sued out an attachment, which was quashed.

The only question presented by the appeal is upon the judgment quashing the attachment.   The affidavit for attachment stated the amount of the plaintiff's debt as follows: "Eleven hundred and sixty-one dollars, due in the following manner: $730.50 due by note with 10 per cent interest thereon from November 1, 1889; also the further sum of $380.75 due by open account February 1, 1890, with interest thereon at the rate of 10 per cent per annum from due."

It appears from the briefs of counsel filed in this court that the attachment was quashed because the statement of the amount of the debts in the affidavit is inconsistent with the particular statements of the debts.

When the interest is calculated according to the statements in the affidavit and the different sums are added, it appears that the total amount is about $8 less than $1161, the sum named in the affidavit.   It is evident that the variance resulted from a miscalculation of the interest.   The affidavit plainly says that the amount named results from two debts of stated amounts, bearing interest at a rate specified from dates named.

We do not think that a small mistake in stating the amount of the debt, clearly shown upon the face of the affidavit to result alone from a miscalculation of interest, should be held fatal to the attachment. Donnelly v. Elser, 69 Texas, 282.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered November 27, 1891.