Fidelity & Casualty Co. of New York v. Emma F. Allibone.

Delivered January 30, 1897.

1. Pleading—Amendment—Limitations.

An amendment to a petition on an accident insurance policy, setting up plaintiff's right to the damages and attorney's fees provided for by statute, though filed after the prescribed period of limitation on the policy, is not subject to that defense, since the claim is merely an incident to the suit.

2. Life Insurance—Statute Providing for Damages and Attorney's Fees— Constitutionality.

The statute providing for damages and attorney's fees in actions against life insurance companies failing to pay a loss within the time specified in the policy, is constitutional.

Appeal from Tarrant. Tried below before Hon. W. D. Harris.

*Crawford & Crawford* and *Humphreys & McLean*, for appellant.

*W. S. Simpkins* and *Ball & Tempel*, for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellant's brief contains the following succinct statement of the material facts proved on the trial of this cause: "It was shown by the testimony that the contract of insurance, as described in plaintiff's petition, was executed on the 2d day of March, 1891; that Armond De R. Allibone, the insured, was killed by being shot by Don Campbell, on the 23d of August, 1891. Proof of death was made formally on February 29, 1892. Suit was filed by appellee in the United States Circuit Court at Dallas, on the 4th of May, 1892, on the policy. That suit was dismissed on the — day of February, 1893. This suit was filed in the District Court of Tarrant County on the 3d of February, 1893."

The main contention arose upon the following provision of the policy: "Immediate written notice is to be given to the secretary of the company, at New York City, of any accident and the injury for which claim may be made, with full particulars thereof, and full name and address of the insured. Unless affirmative proof of death, or loss of limb, or of sight, or duration of disability, is so furnished within seven months, and any legal proceeding for recovery hereunder is begun within one year from the time of such accidents, all claims based thereon shall be forfeited to the company; but no legal proceeding for recovery hereunder shall be brought within three months after the receipt of such proof at this office."

This condition of the policy was construed on a former appeal, in an opinion by Justice Head, reversing a judgment in favor of the insurance company and remanding the cause for a new trial. 32 S. W. Rep.; 569.

This construction led to a verdict and judgment in favor of appellee upon the last trial. In addition to a general finding in her favor, there was a special finding that the suit filed in the Federal Court was brought in good faith.

We will not now undertake take to re-examine the ground covered by the former opinion, though the conclusion then announced was not reached without considerable difficulty, but will content ourselves with a statement of the further conclusion that either the suit in the Federal Court was a literal compliance with the terms of the condition, or the present suit substantially met its requirements, when liberally interpreted in favor of the insured and most strongly against the insurer; following, upon the last proposition, what we conceive to be the weight of authority, as stated in the opinion of Justice Head.

When the case went back to the District Court, the petition was amended, and, in addition to the amount of indemnity provided for in the policy, the damages and attorney's fees in such cases provided by statute were claimed and recovered; and of this feature of the judgment appellant also complains, having interposed the defense of limitation

thereto, and also urges the unconstitutionality of the statute in question.

As this additional recovery was but incidental to the suit, growing out of the failure of appellant to maintain its defense, we are of opinion that the defense of limitation was not available. The constitutional question involved has already been decided adversely to the contention of appellant, both by this court and the Supreme Court. Insurance Co. v. Walden (Civ. App.), 26 S. W. Rep., 1012; Insurance Co. v. Chowning (Sup. Ct.), 26 S. W. Rep., 982.

A late decision of the Supreme Court of the United States, not yet reported (Railway v. Ellis), construing a somewhat analogous statute of this State and reversing the decision of our Supreme Court approving its validity, may be at variance with the cases just cited, but until it is expressly so held, either by our own Supreme Court or that of the United States, we will adhere to the decisions already made.

Upon the foregoing conclusions, the judgment is affirmed.

*Affirmed.*

Writ of error refused