Washington Life Insurance Company v. Lizzie Gooding.

Delivered October 28, 1898.

1.  Constitutional Law—Insurance Companies.

The provision of the Revised Statutes, article 3071, that life insurance companies shall be liable to the holder of a policy for 12 per cent damages on its amount, together with reasonable attorney's fees, does not unconstitutionally deny them the equal protection of the laws, although there is no such provision with reference to other corporations.

2.  Life Insurance Policy as Collateral Security.

A wife may recover upon a policy of insurance upon the life of her husband and payable to her, although it had been transferred to secure a pre-existing debt of the husband, which at the time of his decease was barred by the statute of limitations.

3.  Same—Extinguishment of Secured Debt.

A policy of insurance payable to a wife and pledged as collateral to secure a pre-existing debt of the husband is released, when sums received by the creditor, in sufficient amount to extinguish the debt, were not applied upon it as agreed.

4.  Foreign Law—Promissory Note—Limitations.

The enforcibility of a note must be determined by the statute of limitations of this State, although it was executed by a citizen while in another State, when its enforcement through subrogation is sought in a Texas court.

5.  Pleading Warranting Judgment—Attorney Fees.

An allegation in a petition on a life insurance policy that 10 per cent on the amount due, being $207.33, is a reasonable attorney's fee for prosecuting the suit, will authorize a judgment for $249.41, where that is 10 per cent of the amount recovered.

6.  Judgment—De Minimis Non Curat Lex.

That attorney's fees computed at $250 in the judgment are 59 cents in excess of the 10 per cent in the amount of the recovery allowed by the court is too small an excess to take notice of.

7.  Judgment Against Nonresident Not Binding, When.

A judgment rendered in a suit brought by an insurance company to determine to which of two claimants it was liable upon a policy, is not binding as a proceeding in rem, nor as an adjudication in personam, upon one of them who was not a nonresident and did not receive legal notice of the suit or appear therein.

Appeal from Lamar.  Tried below before Hon. E. D. McClelland.

*Dickson & Moroney,* for appellant.

*Dudley & Moore,* for appellee.

FINLEY, Chief Justice.—Mrs. Lizzie Gooding instituted this suit, No. 6114, in the District Court of Lamar County, Texas, by filing her original petition, November 14, 1895.  This suit was based upon policy No. 59,600 for $2000, issued by the Washington Life Insurance Company in favor of the plaintiff upon the life of Theodore R. Gooding, her husband, dated May 12; 1888.  It was alleged that Mr. Gooding died on August 5, 1895, and that due notice and proof of his death was given the company; that there was due on the policy $2000, with $73.30 as divi-

dends, and plaintiff also prayed for 12 per cent damages and attorneys' fees.

The defendant insurance company answered by general and special exceptions, general denial, and special pleas, denying plaintiff's right to recover upon the policy on account of a transfer made thereof during the lifetime of her husband, and setting up in bar of her right of recovery a judgment rendered by the Circuit Court of the city of St. Louis, etc. It is deemed unnecessary to more particularly state the pleadings and proceedings here, as the issues presented will be manifest from the conclusions of the trial judge.

This cause was tried on October 12, 1897, without a jury. The court overruled all the exceptions of defendant, Washington Life Insurance Company, and gave judgment in plaintiff's favor against it for $2744.17, which included 12 per cent damages, and $250 as "reasonable attorneys' fees," and all costs of suit, and made perpetual the injunction before granted. Defendant, the Washington Life Insurance Company, gave notice of appeal, and on December 8, 1897, filed its appeal bond.

The trial judge filed the following conclusions of fact and law:

"I find that on May 12, 1888, the Washington Life Insurance Company, upon application of T. R. Gooding, husband of plaintiff, Lizzie Gooding, made in Lamar County, State of Texas, issued and delivered to plaintiff in said Lamar County, the policy of insurance sued on in this cause; whereby, for the consideration of $17.88 then paid, and of the quarterly premium of $17.88, to be paid on the 12th day of August, November, February, and May in every year during the continuance of said policy of insurance, the defendant insured the life of the said T. R. Gooding, for the sole use of the said Lizzie Gooding, for the sum of $2000, with participation in profits, for the term of his natural life.

"I find that plaintiff paid said quarterly premiums up to and including the quarterly premium due and payable May 12, 1895, and that all of said premiums were paid in Paris, Lamar County, Texas.

"I also find that plaintiff, by and with the consent of her said husband, T. R. Gooding, on or about the 11th day of March, 1889, assigned said policy of insurance to Hargadine, McKittrick & Co., of St. Louis, Mo., as collateral to secure the payment of a certain debt then owing by the said T. R. Gooding to the said Hargadine, McKittrick & Co., evidenced by note, bearing date January 4, 1889, due one day after date, with interest from date at the rate of 10 per cent per annum, and for the sum of $1524.63.

"I find that said policy of insurance was the separate property of plaintiff, who was a married woman, and that the consideration for the transfer and assignment of said policy to secure the aforesaid debt of $1524.63, which was a pre-existing debt of the husband, T. R. Gooding, was an agreement on the part of the said Hargadine, McKittrick & Co. to continue the said T. R. Gooding in their employ as traveling salesman, at a salary of $150 per month, and his traveling expenses, not to exceed $150 per month, to be paid by the said Hargadine, McKittrick & Co.,

in addition to his salary of $150 per month. That out of the salary of said T. R. Gooding, Hargadine, McKittrick & Co. were to pay directly to the wife of T. R. Gooding, the plaintiff, the sum of $100 per month, to defray her household and domestic expenses, and the other $50 per month of said salary was to be applied monthly to the payment and satisfaction of said debt of $1524.63, till the whole thereof was paid.

"I find that, in pursuance of the terms of said agreement, the said Hargadine, McKittrick & Co. paid to the plaintiff out of her husband's salary, monthly, the sum of $100 up to and including the month of November, 1889. That on the 1st day of December, 1889, the firm of Hargadine, McKittrick & Co. became incorporated under and by the corporate name of Hargadine, McKittrick Dry Goods Co. That said firm after becoming incorporated, in its corporate name and capacity, continued in force and effect the aforesaid agreement, and thereafter, under the terms and provisions of said agreement, said T. R. Gooding continued in the employ of the Hargadine, McKittrick Dry Goods Co. up to about the 1st day of April, 1895, and said dry goods company, in pursuance of the terms of said agreement, continued to and did pay to plaintiff out of her said husband's monthly salary the sum of $100 per month till he quit their employ, about April 1, 1895; but I find that the said Hargadine, McKittrick & Co., and said Hargadine, McKittrick Dry Goods Co., each and both failed to apply and appropriate the other $50 per month of said T. R. Gooding's monthly salary for said period of time, which I find to be more than sufficient to have paid off and discharged said debt in full, to the satisfaction and payment of said debt of $1524.63, as provided by the terms of the aforesaid agreement, but used and applied it to the payment of other indebtedness due by the said T. R. Gooding to said firm and corporation, accruing to them respectively, subsequently to the making of such agreement, and that such application of the balance of said Gooding's monthly salary was made without the knowledge or consent of plaintiff, and that she never ratified such appropriation of such balance.

"I find that T. R. Gooding died at his home in Paris, Lamar County, Texas, on the 5th day of August, 1895, while said policy of insurance was in full force and effect; and that thereafter, within the time and according to the terms and provisions of said policy, plaintiff made out and delivered to defendant on the 2d day of September, 1895, proof of the death of the said T. R. Gooding; and thereafter demanded of defendant the payment of the loss under said policy of insurance, which defendant failed and refused to pay, within sixty days after receipt (which was September 2, 1895) of the aforesaid proofs of death, which is the time specified in said policy of insurance, for its payment.

"I find that plaintiff commenced this suit in this court on the 14th day of November, 1895, and that the defendant, the Washington Life Insurance Company, was served with citation herein on the 19th day of the same month. That by supplemental petition filed herein on the 26th day of December, 1895, the surviving members of the firm of Har-

gadine, McKittrick & Co., winding up the business of said firm, and all whom were nonresidents of the State of Texas, were made parties defendants herein, and substituted service was had on them in the State of Missouri, on the 30th day of December, 1895, as provided by articles 1230 to 1234, inclusive, of the Revised Civil Statutes of the State of Texas, by delivering to E. J. Glasgow, Jr., in person a copy of the notice or citation issued in this cause, to said nonresident defendants, which said E. J. Glasgow, Jr., I find, was one of the surviving members of said firm of Hargadine, McKittrick & Co., engaged in winding up the copartnership business of said firm. I also find that neither said Hargadine, McKittrick & Co. or the surviving partners thereof ever made any defense to this suit or entered their appearance herein.

"I also find that the said surviving partners of Hargadine, McKittrick & Co., on the 15th day of November, 1895, filed suit in the Circuit Court of the city of St. Louis, and State of Missouri, on the same policy of insurance sued on in this case,. against said Washington Life Insurance Company, claiming to be the owners thereof, and entitled to recover the amount due thereon.

"I also find that said Washington Life Insurance Company was duly served with citation in said cause, on the said 15th day of November, 1895.

"I find that the said Washington Life Insurance Company, after the commencement of both of the above mentioned suits, and after it had been served with citation in each, and on, to wit, the 19th day of December, 1895, in an independent, separate, and distinct suit, filed its bill of interpleader in the said Circuit Court of the city of St. Louis, and State of Missouri, wherein it made the said surviving partners of the firm of Hargadine, McKittrick & Co. and the said Lizzie Gooding defendants, and prayed that they each be required to interplead in said proceedings and set up and have adjudicated their respective claims to the proceeds of said insurance policy.

"I find that the said surviving members of Hargadine, McKittrick & Co., on the 20th day of December, 1895, voluntarily entered their appearance in said suit. That on the 23d day of December, 1895, the said Lizzie Gooding was served with a copy of the notice or citation issued in said cause, and a certified copy of the petition filed therein, by having the same delivered to her in Paris, Lamar County, Texas, which I find is not legally sufficient to give said court jurisdiction over her person. I find that at the time of the commencement of said interpleader proceedings or suit, and at the time of the service of citation, and delivering to her of a copy of the petition filed therein, the said Lizzie Gooding was a citizen of the State of Texas, and a nonresident of the State of Missouri. That she never made any defense to said suit or entered her appearance therein.

"I find that before the bringing of either the suit of the surviving members of said firm of Hargadine, McKittrick & Co., against the Washington Life Insurance Company, or of the interpleader suit of the Wash-

ington Life Insurance Company against said surviving members of said. firm and the said Lizzie Gooding, in the Circuit Court of the city of St. Louis, Mo., that both surviving members and said insurance company had actual notice of the pendency of this suit in this court. I further find that said interpleader suit was brought in the Circuit Court of the city of St. Louis for the purpose of evading the laws of the State of Texas, and that such suit was brought by said insurance company after it had been warned and notified by the said Lizzie Gooding not to pay the amount due upon said policy of insurance to the said Hargadine, Mc-Kittrick & Co., or to recognize any pretended claim they made thereto; that such claim could not be enforced, and she intended to contest it.

"I find that on the 8th day of January, 1896, upon the application of the said Mrs. Lizzie Gooding, a writ of injunction was issued in this cause, and on the 9th day of the same month it was duly served upon the defendant, the Washington Life Insurance Company, enjoining and restraining the said Washington Life Insurance Company, its counsellors, solicitors, attorneys, agents, and employes, from further prosecuting said bill of interpleader, and enjoining and restraining said insurance company from paying into said Circuit Court of the city of St. Louis, Mo., the amount due and owing upon said policy of insurance.

"I find that, notwithstanding the issuance and service of said writ of injunction, and in contempt and disregard thereof, the said Washington Life Insurance Company, on or about the 6th day of February, 1896, suffered or procured final judgment to be rendered in said interpleader suit, whereby among other things it was decreed and adjudged that said Washington Life Insurance Company pay into said Circuit Court the amount due upon said policy (which was adjudged to be $2019.76), and that thereupon said company be discharged from further liability on account of said policy, and that said policy be surrendered and canceled, as fully satisfied; and adjudged that all costs of said interpleader suit, together with the sum of $110 as counsel fees, should be paid out of said fund, and the balance thereof, amounting to the sum of $1876.96, was adjudged to the said Hargadine, McKittrick & Co.·

"I find that said fund was paid into said Circuit Court of the city of St. Louis, Mo., as per the terms of the judgment rendered in said cause,, on the said 6th day of February, 1896.

"I find the principal amount due upon said policy of insurance to be $2000.

"I find that the additional insurance purchased by reason of plaintiff's· not accepting the cash value of the annual profits apportioned to said policy of insurance is $73.30.

"I find the interest due upon the said policy of insurance from the time· the loss was payable to the date of judgment is $232.16.

"I find the amount of statutory damages in this case to be $242.35.

"I find that the sum of $250 is reasonable attorney's fee for the prosecution of this suit for the collection of the amount due on said policy· of insurance.

"I find that at the time of the death of the said T. R. Gooding there were three quarterly premiums of $17.88 each, amounting to the aggregate sum of $53.64 to accrue, but not due, on the then current year's premium, which defendant insurance company is entitled to deduct from the amount of said policy of insurance.

"I find that the note for $1524.63, to secure the payment of which said policy of insurance was assigned, matured and fell due on the 4th day of January, 1889.

"From the above and foregoing findings of fact I draw and make the following conclusions of law, to wit:

"1.  That said contract of insurance is a Texas contract, and is governed and controlled by the laws of the State of Texas.

"2.  That the District Court of Lamar County, Texas, first acquired jurisdiction of the persons and subject matter of this suit, and was entitled to retain jurisdiction till it disposed of the matter in controversy therein by final judgment; and that such jurisdiction was not ousted by the bringing of either or both of the aforesaid suits in the Circuit Court of the city of St. Louis, State of Missouri.

"3.  That the judgment rendered in the Circuit Court of the city of St. Louis, State of Missouri, on the 6th day of February, 1896, in the interpleader suit of the Washington Life Insurance Company against the surviving members of the firm of Hargadine, McKittrick & Co. and Lizzie Gooding was null and void so far as it attempted to adjudicate and determine the rights of Lizzie Gooding to said policy of insurance, or to the proceeds thereof, for the want of jurisdiction over her person, and was not binding on said Lizzie Gooding, or on the District Court of Lamar County, Texas, and constitutes no defense to plaintiff's cause of action.

"4.  That said policy of insurance when assigned as collateral to secure the payment of said note occupied the position of a surety, and that the failure of Hargadine, McKittrick & Co., and of the Hargadine, McKittrick Dry Goods Co., to apply each month that said T. R. Gooding was in their employ $50 of the monthly salary of said T. R. Gooding to the satisfaction and payment of said note till the whole thereof was paid; and applying it to the payment of other indebtedness owing them by said T. R. Gooding, without the knowledge or consent of Mrs. Gooding, operated to release said insurance policy from the payment of said note.

"5.  That said note of $1524.63 was barred by the four years statute of limitations long before the institution of this suit, and long before the defense of the Washington Life Insurance Company was filed in this cause.

"6.  That plaintiff is entitled to her statutory damages of 12 per cent on the amount due upon said policy of insurance and her reasonable attorney's fees for prosecuting the collection of her claim thereunder.

"7.  That defendant, the Washington Life Insurance Company, is entitled to deduct from the amount due upon said policy of insurance three-fourths of the yearly premium on said policy for the year ending

May 12, 1896, amounting to the sum of $53.64, as provided by the terms of said policy.

"8. Wherefore I conclude that plaintiff is entitled to recover of the defendant, the Washington Life Insurance Company, on the policy sued on, the amount of insurance therein specified, and the additional insurance purchased by the accrued dividends on said policy (less three-fourths of the yearly premium), together with 6 per cent interest thereon from the 20th day of November, 1895, that date being sixty days after proof of death was received by said defendant, together with 12 per cent damages as a penalty, and the additional sum of $250, reasonable attorney's fees, making in all the sum of $2744.17, and costs of suit."

*Opinion.*—We are of the opinion that the facts found by the trial judge are justified by the evidence, and the judgment rendered is such judgment as was required, under a proper application of the law to the facts of the case. It is best, perhaps, that we should give our views upon the various contentions made by appellant as reasons for a reversal of the case.

1. The third, fourth, eleventh, and twelfth assignments of error attack the validity of article 3071, Revised Statutes 1895. The proposition and statement made under these assignments presented together, are as follows:

"Proposition.—Article 3071, Revised Statutes of 1895, of Texas, is unconstitutional and void and in conflict with the Constitution of the United States and of the State of Texas, because it deprives life insurance companies of the equal protection of the law.

"Statement.—Article 3071, Revised Statutes of 1895, of Texas, makes certain life and health insurance companies liable to pay the holder of a policy issued by them, in addition to the amount of the loss, 12 per cent damages on the amount of such loss, together with all reasonable attorney's fees for the prosecution and collection of such loss. There is no such provision with reference to other corporations. Article 3092 of the same statutes provides that mutual benefit organizations of certain kinds shall not be liable to these penalties or attorneys' fees, and article 3096 provides that mutual relief associations of certain characters shall not be liable to such penalties, although all these companies do a life insurance business."

This we do not regard as an open question, so far as this court is concerned.

Our Supreme Court in answer to certified questions from this court has held the statutes valid and constitutional. Insurance Co. v. Chowning, 86 Texas, 654; Casualty Co. v. Allibone, 39 S. W. Rep., 632; Id., 40 S. W. Rep., 399. These assignments are not sustained.

2. The fifth and sixteenth assignments, presented together, raise the contention that the fact that the note of deceased for $1524.63, to secure which the policy was transferred, was barred by limitations, and did not affect the right of the transferee of the policy to recover on the policy

and apply the proceeds to the payment of the note, and therefore constituted no reason in support of plaintiff's right of recovery.

The note for $1524.63 was the debt of the husband; the wife was not bound upon it. Subsequent to the creation of the debt, the policy of insurance was transferred by the husband and wife to secure the payment of the note. The policy was payable to the wife, and the obligation which it evidenced was therefore her separate estate. This property occupied the position of surety for the payment of the note, and when the note became barred, Mrs. Gooding could effectively plead limitation in any legal proceeding brought by the owner of the note to realize upon the security for the purpose of satisfying the barred debt. Wofford v. Unger, 55 Texas, 480; Jones on Mort., 114.

If the owner of the note, the transferee of the policy, had appeared and answered in this suit and sought judgment on the policy as security for the barred note, it would hardly be questioned that Mrs. Gooding could interpose the plea of limitations. The insurance company, which sets up the rights of the holder of the note and policy under the transfer, is not believed to be in any stronger attitude. Where property is transferred to secure payment of a debt of another, upon which debt the owner of the property is not bound, the property itself stands in the attitude of surety and will be discharged by anything that would relieve a surety who is personally liable for the debt. 24 Am. and Eng. Enc. of Law, 722; Brandt Surety. and Guar., secs. 21, 22. In such case, equity relieves the property where the law would afford the surety a successful plea against personal liability.

3. The fifteenth assignment urges that the note was a Missouri contract, not barred by the laws of that State, and the court erred in holding it barred. This assignment can not be sustained. The note in question was executed in Missouri by a citizen of Texas, was not made payable in Missouri, and its enforcement through subrogation was asked in a Texas court, and Texas law obtained. Carrigan v. Sample, 72 Texas, 306.

4. The seventeenth assignment of error is as follows: "The judgment of the court was against the law and the evidence in this, that the court substantially held that under the terms of the agreement under which Gooding worked $50 per month of his salary was absolutely to be applied on his debt, to secure the payment of which policy of insurance was pledged, and that the fact that this money was not so applied released the policy of insurance as security for the debt." There is no proposition propounded under this assignment; it is treated as a proposition. It is not clear whether this assignment is intended to question the conclusion of fact relative to the agreement of Hargadine, McKittrick & Co. to pay monthly to Mrs. Gooding $100 of Mr. Gooding's salary and to apply $50 of his salary each month to the payment of the note, or to attack the legal conclusion based upon the finding of fact.

In either view the assignment is not well taken. Brandt, 291, 218; Ryan v. Morton, 65 Texas, 445.

·5. The eighteenth assignment contends that the court should have found that Mrs. Gooding knew of the application of her husband's salary, consented thereto, and ratified it. The record does not support this contention.

6. The thirteenth assignment complains that the court allowed an excessive amount for reasonable attorneys' fees. That the petition only alleged and asked for $207.33, while the judgment embraces $250.

The petition alleged that 10 per cent on the amount of her loss, amounting to $207.33, was a reasonable attorneys' fee for the prosecution and collection of her claim. The amount of the loss as finally determined by the judgment of the court, not including attorneys' fees, was $2494.17. Ten per cent on this sum would be $249.41, which is 59 cents less than the sum allowed. When the pleader gives both the basis for making, and the result of an arithmetical calculation which is erroneous, such statement of the amount has not controlling effect. Rainwater, Boogher Hat Co. v. O'Neal, 82 Texas, 337. The excess of 59 cents is too small to take notice of. "De minimus non curat lex." No action of the court was requested upon this matter in the court below.

7. The fourteenth assignment raises the proposition that the judgment rendered in the suit, brought by the appellant in the Circuit Court of the city of St. Louis, No. 1875a, was binding upon Mrs. Gooding and should have prevented her recovery in this suit.

If the suit in which the judgment was rendered was an action in personam, it is clear that Mrs. Gooding is not bound thereby, she being a resident and citizen of the State of Texas, not having appeared in the suit, and no legal service of notice having been given her. The process from Missouri could be of no legal force in Texas. Brewing Co. v. Hirsch, 78 Texas, 192.

If it was a suit in rem, personal notice was not required to bind her. The test then is, was it a proceeding in rem? The fact that the proceeding is described as a bill of interpleader does not affect the question. The right to file a bill of interpleader arises mainly for the purpose of avoiding a multiplicity of suits, and it is not independent of the fundamental principle of legal notice as necessary to the binding force of judgments. Whether the proceeding may be properly termed a bill of interpleader or not, Mrs. Gooding was not bound thereby unless it was a proceeding in rem. Mrs. Gooding had brought a suit in Texas against appellant to recover upon this policy; Hargadine, McKittrick Dry Goods Co. had brought suit against appellant in Missouri to recover upon the same policy; the appellant then filed an independent suit in Missouri against the plaintiffs in the two suits mentioned for the purpose of having it adjudicated in that proceeding to whom it was liable upon its contract of insurance, so as to bind all parties to the suit. Such a suit as this does not come within the meaning of a proceeding in rem as defined by the text books and adjudicated cases. 2 Black on Judg., sec.

792; 11 Enc. of Plead. and Prac., p. 967 and note; Cross v. Armstrong, 44 Ohio St., 613, 10 N. E. Rep., 160.

We are of the opinion that the court correctly held that Mrs. Gooding was not bound by the Missouri judgment.

8. The nineteenth assignment claims that Mrs. Gooding was estopped to claim that the policy of insurance was released as security for the note by the course of dealing between her husband and his employers. This assignment is not borne out by the record.

The twentieth, twenty-first, twenty-second, and twenty-third assign-ments present no reversible error.

The judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.