### SHERMAN V. SHERMAN.

1.  **Gift:** EVIDENCE: PRIOR DECLARATIONS OF INTENT. Plaintiff and defendant are brothers, and the former held the latter's note for a sum of money loaned to him. In an action on the note, defendant claimed that plaintiff had given the note to him, and this was the only issue in the case. Defendant was allowed to introduce evidence of plaintiff's declarations of his intention to execute the gift, made prior to the time of its alleged execution. *Held* that this testimony was properly admitted, but that it was error afterwards to exclude evidence of other declarations of plaintiff, made to a third person only a few hours prior to the time of the alleged execution of the gift, in which he expressed his intention to insist upon the payment of the note.

2.  ———— : ———— : IRRELEVANT MATTERS. In such case evidence as to the amount of interest included in the note, and as to when the money was loaned, or what plaintiff had given to other relatives, was irrelevant to the issue.

*Appeal from Jasper District Court.*—HON. W. R. LEWIS, Judge.

FILED, SEPTEMBER 7, 1888.

ACTION on a promissory note for upward of seven thousand dollars, executed in 1880 by the defendant, and payable to the plaintiff, with interest at eight per cent., which note, the plaintiff alleged, had been obtained from him by the defendant by fraud. The defendant admitted the execution of the note, and pleaded that in 1886 the plaintiff had made a voluntary gift of the note to him. Trial by jury, verdict for the defendant, judgment, and the plaintiff appeals.

*Winslow & Varnum*, for appellant.

*E. J. Salmon, Kerr & McElroy* and *John F. Lacey*, for appellee.

SEEVERS, C. J.—I. The defendant conceded in open court that the plaintiff was entitled to recover

Sherman v. Sherman.

unless he succeeded in establishing that the
note in controversy had been given to him,
assumed the burden of such issue, and, to,
sustain it, introduced evidence tending to
show that, several times between the date of the note
and the claimed gift, the plaintiff stated that he did not
expect the defendant to pay the note, and that he
expected to make him a gift of it. The evidence tended
to show that the plaintiff and defendant had some con-
versation about other notes, and that the latter asked
the former what he was going to do with the note in
question, and said: "You have always told me you
never expected me to pay it. I would like it now, and
if you expect to make me a present of it, give it to me
now." The plaintiff replied, "Well," and "went up
stairs, came down with the note, and gave it to the
defendant," and almost immediately thereafter went to
the train and started to Ohio. The plaintiff, at the time
of the trial in 1887, was about seventy-two years old,
and he and the defendant are brothers. The evidence
tends to show that the plaintiff had loaned his other
brothers different sums of money, and that there was
some controversy or anxiety between his brothers and
sisters in what manner he would divide his estate
between them. On the morning of the day the gift is
claimed to have been made, the plaintiff was at the
house of W. R. Mathews, his brother-in-law, and, when
sitting in a room in Mathews' house, he called the latter
to him. The plaintiff then had the note in question in
his hand, and when he went away he folded it up and
put it in his pocket. There was evidence tending to
show the facts above stated. Thereupon the plaintiff
asked Mathews, "What did he say he was going to do
with the note?" This question was objected to, and
the objection sustained. Thereupon the plaintiff offered
to prove by the witness "that he, on the morning that it
is claimed by the defendant that the note was given to
him, and about two hours prior thereto, in the presence
of the witness W. R. Mathews, declared that he was going
to Thomas Sherman with that note, and have a credit

1. Gift: evi-
dence: prior
declarations
of intent.

placed upon it, and if he did not in some way adjust the note he would collect it by legal means." The court refused to permit the proposed evidence to be introduced, and in so ruling the appellant insists the court erred. The only object of the evidence introduced by the defendant tending to show that the plaintiff at some future time intended to give the note to the defendant was to strengthen and increase the probabilities that the gift was made at the time and as claimed by defendant. Such evidence tended to show an intent to give only, and without more did not tend to establish the defense relied on. An unexecuted gift, it will be conceded, is not valid. In fact, it cannot exist. But the evidence was material as showing an intent to give, and therefore had an important bearing on the question whether such intent had been consummated. The evidence proposed to be introduced had just an opposite tendency, and made it probable that, while the plaintiff may have had the intent to make a gift, such intention had been changed, and that about two hours prior to the time the gift is claimed to have been made the plaintiff intended not to make a gift, but to insist on the payment of the note. Was the proposed evidence admissible? Counsel, for the appellee insist it was not, because it was a declaration in favor of the plaintiff, and against the interest of the defendant. The declaration preceded the gift, and was prior to the time any right had vested in the defendant, and we think the evidence was explanatory of the prior declarations of the plaintiff that he intended to give the note to the defendant. The intent of a person to do or not to do any given thing can only be shown by his acts, declarations and conduct, and when declarations are introduced in evidence tending to show such intent, other and subsequent declarations tending to show a contrary intent, made prior to the consummation of the act, are admissible for the purpose of enabling the jury to determine what in fact the intent of the person was, and thus making it probable or improbable that the act, whatever it may be, in controversy was consummated in accordance with the

expressed intent of the party. This class of evidence constitutes an exception to the general rule, and may or may not be admissible, according to the circumstances of each particular case. It is difficult to establish a general rule applicable to all cases. The circumstances under which the declaration is made, its possible object, and whether made with an evident design and purpose, may affect its admissibility, and certainly will have an important bearing on the weight to be attached thereto. In the case at bar we discover no suspicious circumstances indicating an object or purpose on the part of the plaintiff except to express to a relative, with whom he was visiting, his then intention in relation to the note, and what he intended to do with it, contradictory of and to any previous intent he may have had to give it to the defendant. Of course, if a controversy had arisen at the time the declaration to Mathews was made between these parties as to the proposed gift or intention to do so, if such intent amounted to a vested right, —a different rule might prevail. The foregoing views, to a greater or less extent, are sustained by the following authorities : *Darby's Adm'r v. Rice*, 2 Nott & McC. 596 ; *Miller v. Eatman*, 11 Ala. 609 ; *Stone v. Stroud*, 6 Rich. Law, 306 ; *Whitney v. Wheeler*, 116 Mass. 490 ; *Whitwell v. Winslow*, 132 Mass. 307 ; *Joyce v. Hamilton*, 111 Ind. 163 ; *Shailer v. Bumstead*, 99 Mass. 112 ; *Barthelemy v. People*, 2 Hill [N. Y.] 248, note. Counsel for the defendant have cited many cases in support of their theory, but we think they are all distinguishable. In some the declaration was subsequent to the gift, and in none of them, we think, was the declaration sought to be introduced in evidence because contradictory to or as bearing on the question as to the existence of an unexecuted intent.

II. It will be observed that the only issue was whether there was an executed gift ; but we think evidence was admissible tending to show that at various times the plaintiff had expressed an intention to give the defendant the note in question. To some extent, at least, it tended to explain and

2. ——:——:
irrelevant
matters.

had a bearing on the question whether a gift was afterwards made. But we are unable to see the materiality of evidence showing the amount of interest included in the note, or when the plaintiff let the defendant have the money for which it was given, or what he had given his other relatives. Such evidence had no tendency to establish the gift in question. The instructions, counsel for appellant concede, "as a rule were full and fair," and yet they are criticised in connection with those asked and refused. We think the criticism is not well founded, and find no error in the record, except as above stated. Motions to strike amended abstracts and arguments from the files we do not deem it necessary to determine.

REVERSED.