JULIA K. GARY, Appellee, v. NORTHWESTERN MUTUAL AID ASSOCIATION, Appellant.*

1. **Jurisdiction:** TERRITORIAL LIMITATION.   Jurisdiction in actions *in personam* can not be acquired over nonresidents by process served without the territorial limits of the state in which the court attempting to exercise jurisdiction is held.   Accordingly, *held*, that service in Iowa, upon a resident of Iowa, of notice of an action in the courts of Illinois, brought for the purpose of determining the right, as between such person and another, to the proceeds of a life insurance policy, gave no jurisdiction over the resident of Iowa, and the decree rendered therein was, as to her, void.

2. **Assignment:** CONSIDERATION: PLEADING AND PROOF.   An allegation in an answer that the plaintiff had in writing assigned the claim sued on to another, in effect alleges that the assignment was made for a consideration, since a written assignment imports a consideration; and where the plaintiff, in a reply, denied that the assignment was made for a consideration, *held*, that the issue as to consideration was properly submitted to the jury; but that the pleadings did not justify the submission to the jury of the question whether or not the assignment was made as a gift.

3. ———: FRAUD: EMBEZZLEMENT BY PARTNER FROM FIRM.   The relation of a partner to the property of the firm is such that he does not commit the crime of embezzlement by appropriating such property to his own use; and an assignment of a chose in action, procured by representing to the assignor that it was necessary in order to protect a partner from prosecution and punishment for embezzling the firm property, may be repudiated by him on the ground that it was obtained by misrepresentation and fraud.

* The opinion filed upon the first submission of this case was withdrawn by the court, and for that reason is not published in these reports. It may be found in 50 N. W. Rep. 27.—[REPORTER.

*Appeal from Hamilton District Court.*—HON. S. M.
WEAVER, Judge.

WEDNESDAY, JANUARY 18, 1893.

ACTION at law to recover of the defendant one
thousand dollars and interest upon a certain benefit
certificate issued by the defendant to John E. Gary,
husband of the plaintiff. Said certificate was made
payable to the plaintiff after the death of her husband,
who departed this life August 30, 1888. The plaintiff
alleges as a reason why she does not set out said cer-
tificate as a part of her petition that it was not in her
possession, but in the possession of one E. H. Gary, of
Illinois, he having obtained the same by fraud, deceit,
threats, and false representations. In an amendment
to her petition she sets out said certificate, having been
permitted through the courtesy of the defendant's attor-
neys, to make a copy thereof. The defendant admits
its liability on the certificate, but alleges that on August
30, 1888, the plaintiff executed and delivered to E. H.
Gary, a written assignment of said certificate, and that
she has not since been the owner thereof. The defend-
ant also answered, setting out a certain proceeding in
chancery in the superior court of Cook county, Illinois,
which will be hereafter noticed, claiming that by reason
of said proceeding the plaintiff is barred from recover-
ing in this action. There was a trial by jury, and a
verdict for the plaintiff. The defendant appeals.—
*Affirmed.*

*J. L. Kamrar,* for appellant.

*Martin & Wambach,* for appellee.

GIVEN, J.—I. A rehearing was granted and the
case is again before us for consideration. The former

·opinion will be found in 50 N. W. Rep.

1. JURISDICTION: territorial limitation.
27. A review of the questions presented requires that we notice the condition of the pleadings. As already stated, no question is made as to the defendant's liability, nor is there any made as to the plaintiff's right to recover thereon, but for the matters pleaded in defense. The defendant answered, alleging that on or about August 30, 1888, the plaintiff executed and delivered to Elbert H. Gary a written assignment of said certificate. That, each of said parties claiming to be entitled to the money due from the appellant on said certificate, the appellant commenced an action in chancery, November 9, 1888, against said E. H. Gary and Julia K. Gary in the superior court of Cook county, Illinois, a court of general jurisdiction, for a decree declaring to which of them said money belonged. That the appellant paid the full amount due upon said certificate into said court to abide the result of said case. That notice of the pendency of said action was personally served upon Julia K. Gary at Webster City, Iowa; that she failed to appear or answer, and the appellant's bill was taken as confessed against her. That E. H. Gary appeared and answered, claiming said money by virtue of the assignment of the certificate to him, and that a decree was entered in his favor, ordering that said money be paid to E. H. Gary upon his surrendering the certificate for cancellation and delivery to the defendant; and that, in pursuance of said decree, said money was paid to E. H. Gary. On motion of the plaintiff this part of the defendant's answer was stricken out, and of this ruling the defendant complains.

It will be observed that the answer shows that the only notice given to this plaintiff of the pendency of that action was by service upon her at Webster City, Iowa, where she then resided, and that she did not appear in that action. The contention is whether the

superior court of Cook county, Illinois, had jurisdiction as to this plaintiff in that action. Upon this question we are content with the reasoning and conclusion expressed in the former opinion, as follows: "It is an elementary and universally acknowledged principle that jurisdiction can not be acquired over nonresident persons by process served without the territorial limits of the state in which the court attempting to exercise jurisdiction is held, and no state or sovereignty can extend its process beyond its own territory. Story, Conflict of Laws, 539; *Weil v. Lowenthal*, 10 Iowa, 575, 578; *Darrance v. Preston*, 18 Iowa, 396; *Bates v. Chi. & N. W. R'y Co.*, 19 Iowa, 260; *Lutz v. Kelly*, 47 Iowa, 307. It is to be understood that the bill of interpleader, and the decree based thereon, is not a proceeding *in rem*. If it were, the courts of the state may, by process of attachment against the property of a nonresident, or, by the garnishment of a debt due to such person, appropriate the property or debt to the payment of the claim of the creditor. But in such case the judgment merely affects the property or thing seized. The action in chancery relied upon in this case was not in any sense a special proceeding in which it was sought to seize the property of a nonresident and apply it in payment of a debt. It was an attempt to adjudicate a mere personal right to a money demand claimed by the plaintiff herein. We are very clearly of the opinion that the decree under consideration is void, and this question appears to us to demand no further consideration. The ruling on the motion appears to us to have been correct.

II. To the defendant's plea that the plaintiff had executed and delivered to E. H. Gary an assignment in writing of said certificate, the plaintiff replied, admitting that she made the assignment, and alleging that she received no consideration therefor; that the same

2. ASSIGNMENT: consideration: pleading and proof.

was signed by her because of duress and threats, and that it was procured by false and fraudulent representations. The plaintiff also alleges that on October 12, 1888, she notified the defendant in writing that she repudiated said assignment, and that the same had been procured by threats, and without any consideration. As correctly stated in the former opinion, "The court instructed the jury that there was no sufficient evidence of duress, and confined the investigation to a want of consideration for the assignment, and fraud in procuring it to be signed by the plaintiff." This we held to be an error, upon the ground that the assignment might be upheld as a gift. A re-examination of the case, aided by further arguments, satisfies us that this conclusion was not warranted by the pleadings. It will be observed that the defendant simply pleads the fact of the assignment in writing, without alleging whether it was for a consideration or as a gift. It is conceded to be the law that, the assignment being in writing, it is presumed to have been made for a consideration, and that the burden is upon the plaintiff to overcome this presumption. In view of this presumption, the allegation in the answer that the assignment was in writing was properly construed as alleging that it was for a consideration; and, the plaintiff having denied that allegation, the issue as to consideration was properly submitted to the jury. No presumption, however, arises from the fact that the assignment was in writing, nor from any of the recitals in it, that it was made as a gift. Under familiar rules of the law, the burden was upon the defendant to allege and prove that the assignment was made as a gift, to have it sustained upon that ground. Code, section 2718; *Samson v. Samson*, 67 Iowa, 253; *Barnum v. Reed*, 26 N. E. Rep. (Ill. Sup.) 572; *Walker v. Welsh*, 11 N. E. Rep. (Mass.) 727; *Sherman v. Sherman*, 75 Iowa, 136; *Scott v. Morse*, 54 Iowa, 732.

In this last case the plaintiff sought to recover for services rendered. The defendant denied generally, and on the trial claimed that it was agreed that the services were to be rendered without charge. This court held that, "if the defendant intended to rely upon the fact that there was an agreement that the services in question should be rendered without compensation, such defense should have been specially pleaded." Our re-examination of the record leads us to the conclusion that there was no issue joined as to whether the assignment was made as a gift, and, therefore, there was no error in not submitting that question to the jury. The defendant, not having pleaded that as a fact, was not entitled to have the assignment sustained as a gift. Such a claim does not appear to have been made on the trial. True, there was evidence tending to show that the plaintiff acted voluntarily, but this related to the question of duress, and not to establish a gift. No instruction was given or asked relating to a voluntary assignment, and, as we have seen, such an instruction would not have been proper under the issues.

III. The appellant complains of the following instruction, given by the court: "7. It appears without
3. ——: fraud: dispute that W. L. Gary was a partner in
embezzlement the banking firm of Gary & Wheaton, hence
by partner
from firm. the use or appropriation of the funds of
the partnership to his private use, or the advancement of such funds by him to John E. Gary, would not constitute the crime of embezzlement, nor would it be a criminal act. Hence, if you find from the evidence that E. H. Gary, by himself or by any other person acting for him, represented and stated to plaintiff that said W. L. Gary was guilty of embezzlement or any other crime, by reason of the wrongful diversion or appropriation of the funds of the firm, and requested or demanded of her that she make such assignment to

avoid criminal proceedings against W. L. Gary, or to save said W. L. Gary from punishment from such alleged crime, and she, believing and relying on such statements and representations, complied with such request or demand, and made the assignment now in controversy, such facts would amount to a fraud upon the plaintiff, and she could rightfully repudiate and avoid the writing so made by her.   And if you so find, and further find that she did repudiate said assignment, and notify the defendant thereof before it had paid to E. H. Gary the amount upon said certificate, such notice will be binding upon the defendant, and your verdict will be for the plaintiff.

The appellant, acting upon the presumption that the laws of Illinois are the same as our own, contends that, under our Code, W. L. Gary was guilty of the crime of embezzlement.   The question is whether a member of a partnership is guilty of embezzlement by appropriating the funds of the partnership to his private use.  An examination of the statute of Illinois, where the appropriation took place, and of our statute, shows that there is no difference that can affect the determination of this question.   In 6 Am. and Eng. Encyclopedia Law, 479, under the head of "Embezzlement," is the following:  "Partners sustain the character of principals as well as agents, and have a community of property and interest in partnership effects, and therefore can not embezzle the funds of the partnership which they wrongfully apply to their individual use without mutual consent.   But this immunity does not attach as long as the partnership contract is executory only, or depends upon unperformed conditions precedent."   This announcement of the law is fully sustained by the cases referred to, namely, *Napoleon v. State*, 3 Tex. App. 522; *Reg. v. Wortley*, 6 Denison & P. Brit. Cr. Cas. 332,—and is consistent with the recognized rights of partners in the partnership assets.   The contract

under which the partnership of Gary & Wheaton existed was not executory, nor dependent upon unperformed conditions precedent. The organization of the partnership was fully consummated, and the contract to form the partnership was fully executed. In *Napoleon v. State, supra*, the accused was held guilty of embezzlement because the contract of copartnership was executory and conditional, and that no partnership had been created, because of a failure to perform the conditions. Upon the question before us it is said: "A partner can not be guilty of embezzlement of partnership funds, because such partner combines in himself at once the character of principal and agent. The partners have a community of property and interest in the partnership effects. In law they are treated, in a qualified sense, as joint tenants of the partnership property, having an interest therein *per my et per tout.*" The fact that W. L. Gary was cashier for the firm of Gary & Wheaton did not change his rights as a partner with respect to the partnership property already in the custody of the firm. We think there was no error in giving the seventh instruction.

IV. The appellant further contends that the verdict is contrary to the evidence, and was the result of passion and prejudice. It is unnecessary that we here discuss the evidence; it is sufficient to say that the verdict has such support as that we would not be justified in disturbing it on that ground.

The foregoing disposes of all questions made by appellant, and leads us to the conclusion that the judgment of the district court should be AFFIRMED.