## DEXTER *v.* LICHLITER.

JURISDICTION; PROCESS; NONRESIDENTS, SERVICE UPON; SPECIAL APPEARANCE; WAIVER.

1. Section 1531, D. C. Code, giving the right to a defendant in an action at law upon a contract or for the recovery of personal property, under certain conditions, where a third party has or makes claim to the subject of the action, to pay or deposit in the registry of the court

the subject of the action, and to bring such third party into court, is an adaptation of the ordinary equitable remedy of interpleader; and personal service upon such third party within the jurisdiction is necessary to bring him into court. Personal service out of the jurisdiction, or service by publication, is insufficient.

2. Where a nonresident is attempted to be made a party to an action by a defendant in an action on a contract under § 1531, D. C. Code, which adapts the equitable remedy of interpleader under certain conditions to such an action, and personal service is attempted to be had on such third person outside of the jurisdiction, the latter has the right to appear specially for the purpose of attacking such service and defeating the jurisdiction sought to be thereby obtained over his person, and such appearance will not operate as a waiver of his rights.

3. The filing by such a third party, in such a case, of an affidavit not entitled in the cause alleging no defense to the action, and asking for no relief, but containing proof only of his actual residence at the time of the attempted service upon him, has not the effect of a general appearance, and is not a waiver of his special objection.

4. Whether a defendant in such an action may convert the same into one within the provisions of § 105, D. C. Code, so as to authorize service by publication upon a nonresident; and whether a defendant seeking to avail himself of the provisions of § 1531, D. C. Code, may offer and pay into the registry of the court a sum less than that stipulated in the contract sued upon, — *Quære.*

No. 1429.   Submitted October 12, 1904.   Decided November 1, 1904.

HEARING on an appeal (specially allowed) from an order of the Supreme Court of the District of Columbia overruling a motion to vacate a return of personal service upon a nonresident, attempted to be made a party to the action.        *Reversed.*

The COURT in the opinion stated the case as follows:

This is a special appeal that has been allowed from an interlocutory order.

On July 1, 1903, Jacob H. Lichliter, as executor of Thomas Wilson, deceased, began this action in the supreme court of the District of Columbia against the Supreme Council, Royal Templars of Temperance, a corporation organized under the laws of the State of New York, and engaged in the business of

insuring the lives of its members, to recover upon a beneficiary certificate, of the apparent value of $2,000, that had been issued to one James E. Dexter on March 27, 1897. It is alleged that in the said certificate the beneficiary directed that, in case of his decease, the amount promised therein should be paid to his wife, Emily F. Dexter; that on April 30, 1900, he assigned the said certificate to Thomas Wilson by instrument in writing; that on June 5, 1900, the said Emily F. Dexter, in writing, also assigned the same to said Wilson, and that said James E. Dexter died on June 17, 1902. Other allegations show the death of Thomas Wilson, the probate of his will, the issue of letters testamentary to the plaintiff, and the necessary facts to show the liability of the defendant.

On June 20, 1903, the defendant filed a plea and petition, as it is entitled, admitting indebtedness upon said certificate in the sum of $1,713.20, and alleging that Benjamin F. Dexter makes claim to the proceeds without collusion with defendant. Defendant prayed leave to deposit the sum admitted to be due in the registry of the court, and that an order be issued requiring said Benjamin F. Dexter to appear and maintain or relinquish his claim, and that in case of failure to appear his claim be declared barred.

The petition fails to state the residence of said Benjamin F. Dexter.

This action was taken under the authority of § 1531 of the District Code, which reads as follows:

"Upon affidavit by the defendant, in an action upon contract or for the recovery of personal property, that a third party, without collusion with him, has or makes claim to the subject of the action, and that he, the defendant, is ready to pay or dispose of the same as the court may direct, the court may make an order for the safe keeping, or for the payment or deposit in court, of the subject of the action, or the delivery thereof to such person as it may direct, and also an order requiring such third party to appear in a reasonable time, and maintain or relinquish his claim against the defendant; and if said third party, having been served with a copy of the order by the marshal, fail to ap-

pear, the court may declare him barred of all claim in respect to the subject of the action against the defendant therein; but if he appear he shall be allowed to make himself defendant in the action in lieu of the original defendant, who shall be discharged from all liability to either of the other parties in respect to the subject of the action on his compliance with the order of the court for the payment, deposit, or delivery thereof."

On July 20, 1903, an order was made directing the deposit of the money as prayed, and commanding Benjamin F. Dexter to appear on or before December 21, and maintain or relinquish his claim as provided in the foregoing section of the Code. A copy of this order was returned November 19 with an indorsement showing personal service upon Benjamin F. Dexter in the State of New York, which was signed by James B. Bostwick, deputy United States marshal for the southern district of New York, with affidavit of the fact of service. On December 16, 1903, counsel for Benjamin F. Dexter filed a special appearance for the single purpose of the motion embodied therein to vacate and set aside the return aforesaid, on the ground that the order had not been personally served in the District of Columbia by the marshal thereof, as required by the Code, and was therefore of no legal effect. The motion expressly declared that the respondent "does not accept service herein, nor does he waive due service of process upon him." On January 15, 1904, counsel for respondent filed an affidavit of W. H. Van Steenburgh, an attorney residing in New York, which recites that as attorney for Benjamin F. Dexter, a resident of New York, he commenced an action on June 15, 1903, against the defendant in the county of Erie, New York, to recover the amount due under said certificate, to which defendant made an answer, and which cause is upon the calendar of the court for hearing. The affidavit refers to a certified copy of the pleadings in said cause, attached thereto, from which it appears that plaintiff resides in the State of New York, and that defendant is a corporation created under the laws of that State, and has its principal office in the city of Buffalo therein. The proceedings show that the action is upon the same certificate sued on in this case, and that the plaintiff

claims as assignee of Emily F. Dexter under date of June 18, 1902. The affidavit also sets out § 820 of the New York Code of Civil Procedure, which has the same general object as § 1531 of the District Code before quoted.

On February 12, 1904, the court overruled the said motion, with leave to respondent to plead within 10 days. From this order the special appeal has been allowed.

*Mr. A. S. Worthington* and *Mr. Charles L. Frailey* for the appellant.

*Mr. John Ridout* and *Mr. J. H. Lichliter,* for the appellee:

The filing and reliance by the appellant-claimant upon the affidavit setting forth the facts and merits of his claim and case and the pendency of a suit brought by him for the same cause of action, as he claims, constituted a voluntary general appearance in the case. *Savings & Loan Co.* v. *Pendleton,* 14 App. D. C. 388; *Railway Co.* v. *McBride,* 141 U. S. 127; *Wabash W. R. Co.* v. *Brow,* 164 U. S. 278; *Henderson* v. *Carbondale Co.* 140 U. S. 40; 2 Enc. Pl. & Pr. p. 636; Works, Courts & Jurisdiction, pp. 227, 228, 231; *Kaw Valley L. Ins. Co.* v. *Limke,* 40 Kan. 144; *Burdette* v. *Corgan,* 26 Kan. 104; *Grantier* v. *Rosecrance,* 27 Wis. 491; *Sugg* v. *Thornton,* 132 U. S. 529; *Evans* v. *Iles,* 7 Ohio St. 234; *Kinkade* v. *Meyers,* 17 Or. 470; *Green* v. *Green,* 42 Kan. 654; *Alderson* v. *White,* 32 Wis. 308; 3 Cyc. Law & Proc. pp. 504, 511, 515, 516; *Tower* v. *Moore,* 52 Mo. 118; *Abbott* v. *Semple,* 25 Ill. 92; *Heard* v. *Patton,* 27 La. Ann. 542; *Grizzard* v. *Brown,* 2 Tex. Civ. App. 584; *Mahaney* v. *Penman,* 11 N. Y. Sup. Ct. 603; *Re Macaulay,* 27 Hun, 577; *New Orleans* v. *Walker,* 23 La. Ann. 803; *Scarlett* v. *Hicks,* 13 Fla. 314; *Omaha Nat. Bank* v. *Farmers' Nat. Bank,* 45 Neb. 29.

Mr. Justice SHEPARD delivered the opinion of the Court:

1. Section 1531 of the Code confers upon defendants in actions at law upon contracts or for the recovery of personal

property under the conditions therein declared, the right to bring in a third party who "has or makes claim to the subject of the action;" and, to that extent, is an adaptation of the ordinary equitable remedy of interpleader.

"It is an elementary principle of jurisprudence that a court of justice cannot acquire jurisdiction over the person of one who has no residence within its territorial jurisdiction, except by actual service of notice within the jurisdiction upon him or upon someone authorized to accept service in his behalf, or · by his waiver, by general appearance or otherwise, of the want of due service." *Goldey* v. *Morning News,* 156 U. S. 518, 521, 39 L. ed. 517, 518, 15 Sup. Ct. Rep. 559.

Clearly, this is the only kind of service of notice contemplated by the above section, for it contains no provision for service outside the jurisdiction, either personal or by publication. Nor does any other section of the Code make provision for service of notice as was had in this case. The substitution of notice by publication for personal service within the jurisdiction, and that alone, is provided for in § 105, where the defendant cannot be found, and is "shown by affidavit to be a nonresident, or to have been absent from the District for at least six months, or against the unknown heirs or devisees of deceased persons, in suits for partition, divorce, by attachment, foreclosure of mortgages and deeds of trust, the establishment of title to real estate by possession, the enforcement of mechanics' liens, and all other liens against real or personal property within the District, and in all actions at law and in equity which have for their immediate object the enforcement or establishment of any lawful right, claim, or demand to or against any real or personal property within the jurisdiction of the court." And § 106 provides that "no order for the substitution of publication for personal service shall be made until a summons for the defendant shall have been issued, and returned, 'Not to be found,' and the nonresidence of the defendant, or his absence for at least 6 months, shall be proved by affidavit to the satisfaction of the court."

2. The service of notice being unauthorized and invalid, the defendant had the right, as exercised in this case, to appear

specially for the purpose of attacking the same and defeating the jurisdiction sought to be obtained over his person thereby.    The special appearance limited to this purpose cannot be made to operate as a waiver of his rights.    *Mexican C. R. Co.* v. *Pink-ney,* 149 U. S. 194, 209, 37 L. ed. 699, 705, 13 Sup. Ct. Rep. 859; *Goldey* v. *Morning News,* 156 U. S. 518, 526, 39 L. ed. 517, 520, 15 Sup. Ct. Rep. 520.    But it is also well settled that, if a party would retain the benefit of his objection to the juris-diction over his person he must keep out of the case for all pur-poses except to make that objection.    *Guarantee Sav. Loan & Invest. Co.* v. *Pendleton,* 14 App. D. C. 388, 389, and cases there cited.    When, therefore, any action is taken in the case, clearly beyond the purposes of the special objection, it will, like a general appearance, operate as a waiver of the special objec-tion, even in cases where the party may not have intended it to have that effect.    *Wabash Western R. Co.* v. *Brow,* 164 U. S. 271, 278, 41 L. ed. 431, 434, 17 Sup. Ct. Rep. 126.

Applying these rules to the act of the respondent in filing the affidavit after his motion, we are of the opinion that it has not the effect of a general appearance, and was, therefore, not a waiver of his special objection.    The affidavit, with exhibit in-cluded, is certainly not a formal appearance, and does not pur-port to be one.    It is not entitled as a pleading, is not one in form, alleges no defense to the action, and asks for no relief.    It could serve no purpose of the respondent other than as a sup-port to his objection to the jurisdiction, and to that end fur-nished proof of his actual residence at the time of the attempted service of notice,—a fact which did not otherwise appear. While it may not have been necessary to the maintenance of his objection to that service to show that he was, in good faith, a nonresident of the District of Columbia at the time it was had in the State of New York, the affidavit was evidently intended for that purpose, and for no other.    The fact, if not material, was nevertheless relevant to the subject-matter of the special appearance, and cannot justly be given an effect prejudicial' thereto.    The conclusion at which we have arrived is in accord with the doctrine of the following well-considered cases: *Mojar-*

*rieta* v. *Saenz,* 80 N. Y. 547, 549; *Re Kimball,* 155 N. Y. 62, 71, 49 N. E. 331; *Franklyn* v. *Taylor Hydraulic Air Compressing Co.* 68 N. J. L. 113, 52 Atl. 714.

3. The following questions may arise at a subsequent stage of the proceedings, and will not, therefore, be now determined:

(1) Whether a defendant in an action upon a contract can, by complying with the conditions of § 1531, convert the same into one having for its "immediate object the enforcement or establishment of any lawful right, claim, or demand, to or against any real or personal property within the jurisdiction of the court," so as to authorize service by publication upon the resident of another State under the provisions of § 105.

(2) Whether a defendant seeking to avail himself of the provisions of § 1531 can offer to pay into the registry of the court a sum less than that stipulated in the contract sued upon.

For the reasons heretofore stated, the order will be *reversed with costs, and the cause remanded with direction to set aside the return. It is so ordered.*