**Federal Life Insurance Company, Appellant, v. O. H. Looney et al., Appellees.**

### Gen. No. 17,523.

1. INTERPLEADER—*jurisdiction over defendants.* A bill of interpleader and the decree based thereon is not a proceeding *in rem* and no jurisdiction is acquired over a nonresident defendant therein served by publication or service of the bill.

2. INTERPLEADER—*when decree of premature.* A decree of interpleader is premature where it is entered before answer of a nonresident defendant served by publication.

3. INTERPLEADER—*when decree of erroneous.* A decree of interpleader is erroneous where it is entered after a judgment or decree for the amount claimed against complainant is entered in a foreign jurisdiction by a court having jurisdiction of the parties and the subject-matter, and the bill does not admit liability for the full amount claimed.

4. INTERPLEADER—*where amount admitted is less than amount claimed.*  A suit cannot be prosecuted as an interpleader where the amount claimed is in excess of the amount admitted to be due and paid into court by complainant.

5. APPEALS AND ERRORS—*when cannot be said that the trial court erred in fixing master's fees.*  It cannot be said by the Appellate Court that the trial court erred in fixing the master's fees where the order fixing such fees recites that it was heard on "the certificate of the master concerning his fees" but such a certificate is not called for by the *praecipe* for a transcript and it is not contained in the transcript.

6. RES JUDICATA—*when domicile of insured is.*  On a bill of interpleader by an insurance company against the local administrator of the insured, the widow of the insured individually and as executrix in a foreign jurisdiction, and a person claiming the amount of the policy, the question as to the domicile of the insured is res judicata where it was adjudicated in the jurisdiction in which the widow is executrix in a suit by the person claiming the amount of the policy against the company and the widow individually and as executrix.

7. CHANCERY—*master's report.*  Refusal to direct the master to make his report in accordance with, and within the scope of the order of reference, is error.

8. APPEALS AND ERRORS—*when complainant in interpleader not prejudiced by a decree.*  An insurance company is not prejudiced by a decree in an interpleader suit brought by it against those who claim the amount of a policy, where the decree gives it the credits which it claims, finds that a decree in a foreign jurisdiction for the amount of the policy and for a penalty for nonpayment is res judicata, and orders that the clerk pay out of the fund paid in by such company a certain amount to two of the defendants, and that the part of an order reciting that the company be released be vacated; where it seems that such company could not successfully defend a suit by such two defendants on the transcript of the decree in their favor of the court in such foreign jurisdiction for the amount of the policy and the penalty.

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed May 26, 1913. Rehearing denied June 9, 1913.

Statement by the Court.  This is an appeal by the complainant in a bill of interpleader from the decree in the cause entered December 10, 1910, in the Circuit Court of Cook county.

The Chicago Life Insurance Company issued a policy on the life of William R. Payne for $5,000, payable to his executors, administrators or assigns, and the Federal Life Insurance Company reinsured the policy. Payne died January 26, 1907, testate. March 14, 1907, his will was admitted to probate by the County Court at Nashville, Tennessee, and letters testamentary issued to his widow, Estella F. Payne, one of the appellees. March 26, 1907, Looney, one of the appellees, filed a bill in the Chancery Court at Nashville against the two insurance companies and Mrs. Payne, individually and as executrix, alleging that although the policy was in the custody of Mrs. Payne, he was the lawful owner and entitled to the proceeds thereof and praying that an attachment issue, and for general relief. April 1, 1907, both insurance companies entered their appearance in the cause and filed their petition for removal to the United States Court, and the cause was so removed, but was afterwards remanded to the State Court. There each company filed its answer alleging that the assured was a resident of the State of Illinois when he died; that the policy was payable to his estate; that James S. Hopkins was appointed administrator of his estate November 29, 1907, at Chicago, and as such administrator claimed the proceeds of the policy. Mrs. Payne also answered the bill, alleging that Nashville was the domicile of the assured at and for many years before his death; that he died without children; that under the laws of Tennessee she was entitled to the proceeds of the policy and denying the principal allegations of Looney's bill. The answer admitted that the assured owed to the Federal Life Insurance Co. $215.71, which should be deducted from the policy, leaving the balance due her primarily $4,784.29. December 3, 1907, she also filed a cross-bill against the Insurance Companies and Looney. January 7, 1908, Hopkins as administrator brought an action on the policy against the Insurance Companies in the Municipal Court of Chicago. February 14, 1908,

appellant filed its bill of interpleader in the Circuit
Court of Cook county against Hopkins, Administra-
tor, Chicago Life Ins. Co., Looney and Mrs. Payne in-
dividually and as executrix of the assured, but no or-
der or decree of interpleader was entered until April
8, 1909.   June 29, 1908, a decree was entered in the
Chancery Court at Nashville, in which the Court ad-
judged that the Federal Life Insurance Co. was en-
titled to an offset of $215.71; that the amount due on
the policy was $5,111.85, including interest and de-
ducting said sum of $215.71, that Looney was entitled
to $3,000 of that sum and Mrs. Payne to the remainder,
$2,111.85, and giving to each a judgment or decree for
the amount so found due against the Federal Life In-
surance Co., and providing that unless said Insurance
Companies paid the decree within sixty days a judg-
ment should go against said Companies for $1,277.92
as a penalty, in accordance with the laws of Tennessee.
July 6, 1908, the Federal Life Insurance Co. prayed,
was allowed and perfected an appeal to the Supreme
Court of Tennessee.   The complainant in the bill
of interpleader filed amendments to the bill May 14
and October 28, 1908.   To the last amendment is
attached   a   copy   of   the   decree   in   the   Chancery
Court at Nashville entered June 29, 1908.   October
31, 1908, Mrs. Payne filed her demurrer to the bill
of  interpleader.   November  12,  1908,  complainant
filed  an  affidavit  for  publication  as  to  defendant
Looney and December 10 filed proof of publication and
mailing.   November 7, 1908, leave was granted com-
plainant to pay into court $5,223.45, being amount of
policy, $5,000, less offset of $215.71, with interest from
date of death of the assured.   March 17, 1909, the de-
cree of the Chancery Court was affirmed by the Su-
preme Court of Tennessee except as to the additional
liability of appellant by reason of its failure to pay
the decree within sixty days, which was reduced to
$750.   The Court in the judgment of affirmance found
that Looney was entitled   to   $3,000   with   interest,

$3,171.75, and gave judgment in favor of Mrs. Payne against the Federal Life Insurance Co. for $2,952.26 and the costs of the appeal, said sum including the decree of $2,111.85 of the Chancery Court, interest thereon and the $750 penalty. April 9, 1909, a decree was entered in the cause, wherein the Court found that complainant had paid into court $5,223.45; that Looney had been notified of the pendency of the suit by publication and the service of a copy of the bill. The decree overrules the demurrer of Mrs. Payne, decrees that the bill of interpleader and amendment were properly filed; orders that the defendants interplead and settle the matters in controversy among themselves; that the cause be referred to Master Browning to inquire and report which of the defendants is entitled to the fund, or if more than one is so entitled, that he ascertain and report the amount belonging to each; that complainant have leave to be heard as to costs and solicitor's fees out of the fund as the Court may later determine; that the Federal Life Insurance Co. be released and discharged from any liability under said policy; that either party may present to the Master a written statement of his claim, which shall be answered on oath by the other claimant to the fund; that the defendant be restrained from collecting or enforcing any judgment based on the reinsurance by the Federal Life Insurance Co. of a policy on the life of said assured. The decree reserves the consideration of costs as between complainant and defendants and as between the defendants and all other questions and directions until the coming in of the report, with liberty to apply, etc. November 27, 1909, Mrs. Payne individually and as executrix answered the bill of interpleader, in which she alleged that in the chancery case in Tennessee it was determined that the residence of the assured was in Tennessee; that she was his executrix and entitled to the proceeds of the policy save that part adjudged to Looney; admitted that the decree set out in the "additional amendment" is cor-

rect so far as it goes, but alleged that an additional judgment for $1,277.92 was entered against said Insurance Companies and an appeal taken from said decree; that the issues raised in this action were raised in the Chancery Court of Tennessee, as appears from the bill of Looney and the answers of the defendants, which are set out *in haec verba* in the answer. April 12, 1910, Looney filed his answer to the bill of interpleader, in which he admitted that he had collected on his judgment $583.66 by garnishment proceedings in Tennessee against the Federal Life Insurance Co., and avers that there was still due him on said judgment $2,598.59, and that Mrs. Payne claims that there was due her $2,111.85. November 21, 1910, Mrs. Payne filed her cross-bill in the Circuit Court of Cook county, repeating in substance the allegations of her answer and again setting out the proceedings in the Chancery Court at Nashville, and in the Supreme Court of Tennessee and praying that the defendants may be decreed to pay her $2,952.26 with interest at 5 per cent. from March 15, 1909 (the date of the judgment in her favor in the Supreme Court of Tennessee). November 25, 1910, complainant answered said cross-bill and Mrs. Payne filed her replication to the answer. The complainant moved for an order that the Master make up his report "within the scope of and in conformity with the order of reference," and the Court, October 17, 1910, denied the motion. October 21, 1910, the Court entered an order fixing the Master's fees at $600, ordered that the same be paid out of the money paid into court by complainant and reserved the question whether said sum should be taxed as costs until the final hearing. The Master filed his report October 28, 1910. December 24, 1910, the decree appealed from was entered. The Court finds that proceedings were had in the Court of Tennessee substantially as herein stated, and sets out the findings and decrees of the Chancery Court and Supreme Court of Tennessee; finds that "the decree in Tennessee is *res adjudi-*

*cata;* that the complainant is not entitled to costs or solicitor's fees, but all costs in the case should be" assessed against complainant; that Looney recover against complainant $2,615.35; that Mrs. Payne recover $3,223.69; that the Clerk pay out of the fund in his hands the amount found due to Looney and the remainder to Mrs. Payne; "that so much of the order of reference of April 8, 1909, reciting that the Federal Life Insurance Company be released and discharged" be vacated.

The *praecipe* for a transcript directs the Clerk to insert the evidence introduced before the Master by Mrs. Payne, by Looney, by Hopkins, administrator, and by Chicago Life Insurance Co.; the objections filed before the Master and exceptions filed in the Circuit Court by Hopkins, administrator, by the Chicago Life Insurance Co. and by Looney.

The assignment of error is as follows:

"1.   The court erred in entering the order of October 17, 1910, refusing to direct the master to make up his report in accordance with and within the scope of the order of reference referring the cause to the master.

2.   The court erred in entering the order of October 21, 1910, directing as to the amount of fees to be paid to the master.

3.   The court erred in entering the order of November 22, 1910, giving leave to Estella F. Payne to file her cross-bill in said cause and also erred in refusing to strike said cross-bill from the files.

4.   The court erred in entering the decree of December 24, 1910.

5.   The court erred in denying solicitors' fees to Federal Life Insurance Company and erred in denying that Federal Life Insurance Company be allowed its costs for filing the bill of interpleader herein.

Wherefore for these and divers other errors appearing in the record, the appellant prays that the above orders and decrees be set aside and reversed, and that the lower court and the master be directed

Federal Life Ins. Co. v. Looney, 180 Ill. App. 488.

to proceed in accordance with the decree of April 8, 1909, and the order of reference therein and that the master's fees be held in abeyance until the coming in of a report within the scope of the said order of reference and that the master be allowed only such fees as are proper upon the taking of the evidence and the making of a report within the scope of the order of reference."

CHARLES A. ATKINSON, JOSEPH P. MAHONEY and CHILTON P. WILSON, for appellant.

JOHN EDWARD WATERS, for appellee O. H. Looney, FREDERICK A. BROWN, WILLIAM R. T. EWEN, JR. and JOHN C. DEWOLFE, for appellee Mrs. Payne; CHARLES M. FOELL, GRAFTON GREEN and WILLIAM B. MARR, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

A bill of interpleader and the decree based thereon is not a proceeding *in rem*, and the Circuit Court did not acquire jurisdiction over Looney by publication or service of the bill. *Gary v. Northwestern Mut. Aid Ass'n.* 87 Iowa 25. The Court had jurisdiction of Mrs. Payne when the decree was entered, for she had demurred to the bill, but had not over Looney, for his appearance was not entered until a year after the decree of interpleader had been entered. The decree entered April 8, 1909, regarded as a decree of interpleader, was premature and erroneous; premature because the Court had no jurisdiction over Looney, and erroneous, first, because before it was entered a judgment or decree for the amount due on the policy had been entered in the Chancery Court at Nashville in favor of Looney and Mrs. Payne and against appellant in a suit in which that Court had jurisdiction of the parties and of the subject-matter. Maclennan

on Interpleader, 46; *Union Bank v. Kerr*, 2 Md. Chap. 460; *Home Life Ins. Co. v. Caulk*, 86 Md. 385. In *Mc-Kinney v. Kuhn*, 59 Miss. 187, it was said: "It is well settled both by reason and authority, that one who asks the interposition of a court of equity to compel others claiming property in his hands to interplead, must do so before putting them to the test of trials at law." After judgment against him by part of the defendants, it is impossible for the interpleader to occupy a position of strict neutrality between the parties. *Home Life Ins. Co. v. Caulk, supra.* Second, because the bill does not admit liability for the full amount claimed. It appears from the amendment to the bill that Mrs. Payne had recovered judgment against the complainant for $1,277.92 as a penalty under the laws of Tennessee on the ground that the refusal of the Federal Insurance Co. to pay the loss was not in good faith. The statute authorizing such a penalty was held valid by the United States Supreme Court. *Supreme Ruling v. Snyder*, 227 U. S. 497. The bill admits liability for the amount of the policy and interest, less $215.71 due complainant, which is not disputed, but admits no liability for the penalty, although the transcript attached to the amendment to the bill shows the judgment for the penalty. Looney in his answer claimed the amount decreed to him by the Tennessee Supreme Court, $3,171.75, less a credit of $583.66, the amount collected by him from the Federal Life Insurance Co., with interest from March 17, 1909, the date of the judgment of affirmance in the Supreme Court of Tennessee. Mrs. Payne in her answer claimed $2,111.85, the amount awarded her by the Chancery Court at Nashville, and $1,277.92, the penalty given her by the decree of that Court. The amounts so claimed amount to $6,561.52, a sum greatly in excess of the amount admitted by complainant and paid into court.

The amount due cannot be the subject of controversy in an interpleader suit, and the difference between the

amount claimed and the sum which plaintiff admitted and paid into court presents an insuperable objection to the prosecution of this suit as an interpleader. *B. & O. R. Co. v. Arthur*, 90 N. Y. 234; Maclennan on Interpleader, 72. The bill cannot be sustained as a bill of interpleader, and the Circuit Court did not err in refusing to allow complainant solicitor's fees and costs.

The order of October 21, 1910, fixing the Master's fees at $600 recites that it was heard upon "the certificate of the Master concerning his fees." Such a certificate is not called for by the *praecipe* nor is it contained in the transcript. We cannot therefore say that the Court erred in fixing the Master's fees at $600.

We will not attempt to decide what head of equity jurisdiction the Circuit Court exercised in entering the decree appealed from, but will only consider the question whether the complainant is harmed or prejudiced by the decree. The decree gives complainant both the credits it claims, the credit for the amount due from the assured on the policy, and the credit for the amount collected by Looney from complainant in garnishment proceedings. The question whether the domicile of the assured was at Nashville or Chicago was adjudicated in the suit in Tennessee, and by that adjudication appellant is bound. We are unable to see that appellant could successfully defend a suit by Looney and Mrs. Payne on the transcript of the Tennessee judgment or decree, and therefore think that the decree in this case is not prejudicial or harmful to appellant.

We think that the Court erred in refusing to direct the Master to make his report in accordance with and within the scope of the order of reference. If the scope of an order of reference is to be extended or limited, it must be done by order of the court, not by the arbitrary action of the master; otherwise the proceeding is a trap for the party who, relying on the

498     APPELLATE COURTS OF ILLINOIS.

Young v. Chicago & North Western Ry. Co., 180 Ill. App. 498.

order of reference, refuses to offer evidence as to matters not within the scope of the reference; but we think that for the reasons stated appellant was not prejudiced by the order complained of. For the same reasons we think appellant was not prejudiced by the filing of a cross-bill by Mrs. Payne, or the refusal of the Court to strike the same from the files.

The record is, we think, free from prejudicial error and the decree is affirmed.

*Affirmed.*