## Sarah L. Mead, Appellee, v. George H. Mead. Chicago & Northwestern Railway Company, Impleaded, Appellant.

### Gen. No. 22,765.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. GEORGE A. KERSTEN, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded with directions. Opinion filed April 16, 1917.

### Statement of the Case.

Bill by Sarah L. Mead, complainant, against George H. Mead, defendant, for divorce for drunkenness. The Chicago & Northwestern Railway Company impleaded by petition filed by complainant subsequent to decree for divorce, claiming that the railway company was indebted to defendant in the sum of $7,000, and that complainant was entitled to be paid permanent alimony and solicitor's fees out of that fund. From a decree rendered on said petition setting aside certain assignments by defendant of a certain judgment for $4,600.84 recovered by him against said company as fraudulent and void assignments, and ordering the company to pay complainant $2,500, theretofore allowed her by former decree as alimony and solicitor's fees, within ten days, the Chicago & Northwestern Railway Company appeals.

IRVING HERRIOTT, for appellant; WILLIAM G. WHEELER, of counsel.

B. M. SHAFFNER, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Mead v. Mead, 205 Ill. App. 327.

## Abstract of the Decision.

1. DIVORCE, § 22*—*what is essential to jurisdiction of court to enter decree of alimony.* Without personal service upon or appearance by the defendant in a suit for divorce brought by the wife, the court is without jurisdiction to enter a decree for alimony, even though the defendant has property within the court's jurisdiction.

2. JUDGMENT, § 6*—*when decree in personam cannot be entered.* Without personal service upon or appearance by a party, no money decree *in personam* against him can be entered.

3. COSTS, § 1*—*when judgment for cannot be entered.* A judgment for costs cannot be entered against a party not personally served or appearing.

4. DIVORCE—*when right to alimony ceases.* Upon death of a husband his wife's right to alimony ceases.

5. DIVORCE—*when order allowing alimony is void as being without jurisdiction.* An order allowing alimony rendered after the husband's death is void and without jurisdiction, as the right depends upon the existence of a valid marital relation.

6. DIVORCE—*when order relating to alimony is void as being without jurisdiction.* Where an order was entered subsequent to a decree for divorce without personal service upon or appearance by the divorced husband relative to alimony and its allowance and collection out of a certain judgment recovered by him, such order *held* to be void as having been entered without jurisdiction.

7. DIVORCE—*when decree upon petition for allowance of alimony is void as being entered without jurisdiction.* Where a decree was entered upon a petition for allowance of alimony and solicitor's fees and for payment of same out of a certain judgment recovered by the husband, defendant in the divorce suit, finding that certain assignments of said judgment were null and void, and without personal service upon or appearance by the assignees, such decree *held* to be void as being entered without jurisdiction.

8. JUDGMENT, § 576*—*when of foreign court entitled to full faith and credit.* Where a party intervened in a suit brought in another State by the assignee of a certain judgment to enforce same and also brought an independent suit in such other State against such assignee seeking to have the assignment declared invalid, decree entered in such foreign suits *held* entitled, under the United States Constitution, art. IV, sec. 1, to full faith and credit in a suit brought by such party in this State to set aside said assignment.

9. INTERPLEADER—*who may not be required to interplead.* A party resident in one State cannot be required to interplead in a suit instituted in another State.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

10. APPEAL AND ERROR—*when decree in which whole circuit bench is unanimous should be reversed.* Even if the whole circuit bench is unanimous in the entry of a decree which they are without jurisdiction to enter, it should be as readily reversed as if such error had been committed by but one member of the court.