BRIGHTON *v.* WASHTENAW CIRCUIT JUDGE.

1. INTERPLEADER—BILLS AND NOTES—LEGAL AND EQUITABLE TITLES.
   The proceeds of commercial paper may be made the subject of a bill of interpleader, and it is of no importance that one party claims the legal and the other the equitable title.

2. SAME—NONRESIDENT—PROCESS—JURISDICTION.
   Where one of the defendants in a suit by bill of interpleader was a resident of the State of Ohio, the process and order of the court served on him in said State con-

ferred no jurisdiction on the Michigan court, and a default judgment against him in said suit was properly set aside on his motion for lack of jurisdiction.

Mandamus by Edward Brighton to compel George W. Sample, circuit judge of Washtenaw county, to set aside an order vacating a decree. Submitted February 14, 1922. (Calendar No. 30,043.) Writ denied March 30, 1922.

*A. J. Waters,* for plaintiff.

*Stivers & Laird,* for defendant.

BIRD, J. This is an application for a mandamus to compel defendant to set aside the order made by him vacating a decree rendered in the case of Edward Brighton *v.* Elsie May Gates, guardian of Marilla C. Brighton, an incompetent, and William C. McCartney, administrator of the estate of Alice Benedict, deceased. Plaintiff, Edward Brighton, in that case, filed a bill of interpleader in the Washtenaw circuit court making Elsie May Gates, as guardian, and William C. McCartney, as administrator, parties thereto. Service of process was made upon Elsie May Gates as she was a resident of Washtenaw county. McCartney was a nonresident, a resident of Toledo. Service was had on him by serving upon him personally in Toledo a summons, together with a copy of the order of appearance. Elsie May Gates entered her appearance, but McCartney did not. He was in due time defaulted and a hearing was had and a decree rendered adjudging Elsie May Gates, as guardian of her mother, entitled to the fund of $356, which was being claimed by both parties. After this decree had been in force about 30 days McCartney appeared specially by counsel and filed a motion to set aside and vacate the decree on various grounds, one of which was a lack of jurisdiction, another was that the subject-matter

was not a proper one for a bill of interpleader. The motion was duly argued and the chancellor held the jurisdictional objection was well taken and set aside the decree. Counsel for plaintiff then filed this application for a mandamus to compel defendant to set aside his order vacating the decree.

The subject-matter of the interpleader was the proceeds of commercial paper which both parties claimed. One party claimed the legal title thereto and the other claimed the equitable title. It has been held many times by the courts that the proceeds of commercial paper may be made the subject of a bill of interpleader. *Bechtel* v. *Sheafer,* 117 Pa. St. 555 (11 Atl. 889) ; *Briant* v. *Reed,* 14 N. J. Eq. 271; *Cullen* v. *Dawson,* 24 Minn. 66; *Howe Machine Co.* v. *Gifford,* 66 Barb. (N. Y.) 597; *Fowler* v. *Lee,* 10 Gill. & J. (Md.) 358 (32 Am. Dec. 172).

And it appears to be of no importance that one party claims the legal and the other the equitable title. 23 Cyc. p. 19.

But while the conditions appear to make it a proper case for a bill of interpleader the difficulty with plaintiff's decree is that the court was without jurisdiction to render any binding decree as to the defendant William C. McCartney. He was a resident of Ohio. The estate he represented was situate in Ohio, and the process and order of the court were served on him in the State of Ohio. This service would confer on the Michigan court no jurisdiction to make a decree which would be binding on him unless he afterwards voluntarily entered his appearance therein, which he did not do.

A similar situation arose in the case of *Gary* v. *Aid Association,* 87 Iowa, 25 (53 N. W. 1086). Both E. H. Gary and his daughter-in-law, Julia, were claiming the proceeds of an insurance policy. E. H. Gary was a resident of the State of Illinois, and Julia a resi-

dent of the State of Iowa.   The insurance company filed a bill of interpleader in the superior court of Cook county, Illinois, and service of process was made upon E. H. Gary, and like process was served upon Julia Gary in the State of Iowa.   At the hearing a decree passed for E. H. Gary, the said Julia not entering her appearance.   In a subsequent suit by Julia against the company to recover the proceeds it was held that the decree rendered by the Illinois court was of no consequence as against Julia because the court never obtained jurisdiction to render a decree which would bind her.   She was not within the jurisdiction of the court.   In the course of that opinion it is said:

"It is to be understood that the bill of interpleader, and the decree based thereon, is not a proceeding *in rem.*   If it were, the courts of the State may, by process of attachment against the property of a non-resident, or, by the garnishment of a debt due to such person, appropriate the property or debt to the payment of the claim of the creditor.   But in such case the judgment merely affects the property or thing seized.   The action in chancery relied upon in this case was not in any sense a special proceeding in which it was sought to seize the property of a non-resident and apply it in payment of a debt.   *It was an attempt to adjudicate a mere personal right to a money demand claimed by the plaintiff herein.*   We are very clearly of the opinion that the decree under consideration is void."

A like holding is made in *Washington Life Ins. Co. v. Gooding,* 19 Tex. Civ. App. 490 (49 S. W. 123).

In view of these considerations we think the chancellor was right in dismissing and vacating the decree as to defendant William C. McCartney.

The application for writ is denied.

FELLOWS, C. J., and WIEST, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.