**METROPOLITAN LIFE INS. CO. v.
SKOV et al.
No. Civil 940.**

District Court, D. Oregon.
May 18, 1942.

Robert R. Rankin, of Portland, Or., for plaintiff..

Leo Levenson, of Portland, Or., for defendant Skov.

Robert C. Bradshaw, of Portland, Or., for Halley, Adm'x.

Ben S. Sawyer, of Olympia, Wash., for Snyders.

JAMES ALGER FEE, District Judge.

This suit was commenced by the Metropolitan against the defendants under the provisions of the federal interpleader statute.[1] According to the complaint, a life insurance policy became due upon the death of George W. Snyder, which occurred on the 12th day of March, 1941. Plaintiff deposited in court $1,490.35 an amount corresponding to the sum alleged to be due on the policy and asked for exoneration with attorney fees and costs.

The claims of the respective defendants to this money need not be recited. Suffice it to say, there is a serious dispute outlined. If the facts stated in the complaint are true, and it must be assumed they are for present purposes, the plaintiff could not safely pay to either set of claimants without incurring a potential dual liability.

The present dispute arises upon a motion to quash service of summons. Personal service was made upon the claimants in Washington of process of this Court in the Western District of Washington, Southern Division, by the United States Marshal thereof.

Full diversity of citizenship exists not only between the plaintiff, which is a citizen of New York, and all the defendants, but between each hostile set of claimants who are respectively, residents and citizens of Oregon, California and Washington.

Jurisdictional requirements of the statute are thus satisfied by this diversity[2] and the deposit[3] of money, beyond the jurisdictional amount set by the law[4] in which claimants are interested. .

The venue is correct, since one of the claimant-defendants resides in Oregon[5].

Prima facie, the service is valid. The statute provides: " * * * said court shall have power to issue its process for all such claimants * * *"[6]. It is expressly stated that this authority is not subject to limitations imposed upon other types of litigation by other provisions of the same Act[7]. Once a proper basis for jurisdiction of federal courts be found, Congress may constitutionally provide for service of the process of such a court in any state[8]. Even if Congress has only re-

[1] 28 U.S.C.A. § 41, subd. (26).

[2] 28 U.S.C.A. § 41, subd. (26) (a) (i).

[3] 28 U.S.C.A. § 41, subd. (26) (a) (ii) (a).

[4] Over $500; 28 U.S.C.A. § 41, subd. (26) (a).

[5] 28 U.S.C.A. § 41, subd. (26) (b).

[6] 28 U.S.C.A. § 41, subd. (26) (c).

[7] 28 U.S.C.A. § 41, subd. (26) (c), "Notwithstanding any provision of Part I of this title to the contrary * * *".

[8] See Continental Illinois National Bank & Trust Co. v. Chicago, Rock Island & Pacific Railway Co., 294 U.S. 648, 683, 55 S.Ct. 595, 609, 79 L.Ed. 1110, "Congress may authorize the civil

quired suit to be commenced in a certain district, the power to serve process in other districts will be implied where not expressly conferred, if the nature of the cause so authorized requires [9]. The highest judicial authority has given intimation that such service should be upheld in a suit of this type [10] Federal jurisdiction here is founded upon diversity of citizenship.[11] The fund or thing is brought into court upon this ground. It has been held with some uniformity that a suit in interpleader is not in rem [12], and there must be personal service of the claimants in the jurisdiction [13]. This doctrine, which seems illogical where a specific and tangible thing can be placed in the possession of the court [14], unquestionably prompted the enactment of this legislation. Emasculation of the Act without purpose would not be justified.

▬ Two other points are suggested and will be noticed briefly. First, it is contended that this Court cannot try these claims because the Snyders have filed an action upon the policy in the state courts of Washington against Metropolitan, which voluntarily filed a general appearance therein. Where a federal court has concurrent jurisdiction, it may entertain an action in personam, even though an identical action between the same parties is pending in a state court [15]. According to the cases above cited, this is an action in personam. If weight be given to the fact that a specific fund is in controversy, nevertheless this court first had possession thereof. Beyond this, the state court by virtue of the rule regarding personal service in interpleader suits is not in a position to completely dispose of the controversy.

▬ Second, it is claimed that this court has no right to enjoin the parties from proceeding in the state court. So far, this court has made no such attempt. But it unquestionably has the power [16].

The motion is overruled.

---

process of a federal district court to be served upon persons in any other district."

[9] First National Bank of Canton, Pa., v. Williams, Comptroller of the Currency, 252 U.S. 504, 40 S.Ct. 372, 64 L. Ed. 690; United States v. Congress Construction Co., 222 U.S. 199, 203, 32 S. Ct. 44, 56 L.Ed. 163.

[10] "Process may run at least throughout all the states." Treinies v. Sunshine Mining Co., 9 Cir., 99 F.2d 651; Id., 308 U.S. 66, 70, 60 S.Ct. 44, 47, 84 L.Ed. 85.

[11] Treinies v. Sunshine Mining Co., supra.

[12] Lowry v. Downing Mfg. Co., 73 Fla. 535, 74 So. 525; Mead v. Mead, 205 Ill.App. 327; Federal Life Insurance Co. v. Looney, 180 Ill.App. 488; Coe v. Garvey, 130 Ill.App. 221; Gary v. Northwestern Mutual Aid Association, 87 Iowa 25, 53 N.W. 1086; Brighton v. Washtenaw Circuit Judge, 217 Mich. 650, 187 N.W. 363; Washington Life Insurance Co. v. Gooding, 19 Tex.Civ.App. 490, 49 S.W. 123.

[13] Dexter v. Lichliter, 24 App.D.C. 222; Brighton v. Washtenaw Circuit Judge, supra; Washington Life Insurance Co. v. Gooding, supra.

[14] In the English case of Credits Gerundeuse, Limited, v. Van Weede, L.R. 12 Q.B.Div. 171, decided in 1884, plaintiffs brought action for cork in possession of defendant. It appeared one Jordi, a resident of Spain and not presently in England, claimed the goods. Defendant, who disclaimed interest in the cork, petitioned for summons against Jordi. Service was permitted. Baron Pollack says:

"It would seem however upon principle that although Jordi is not now before the Court, but only threatens an action against the defendant, it is equally reasonable that he should be served with a copy of the interpleader order. It is one of the first principles of all judicature that, wherever there is a dispute as to the right to property or its value, all the parties interested therein should be before the Court, in order that the matter may if possible be finally settled and complete justice done.

"Now in the present case the Court by making the order asked for, does not assert any present jurisdiction over Jordi, or propose to compel him to submit to its process, but merely gives him notice of the proceedings which are being taken; * * *". See, also, City of Dublin Steam Packet Co. v. Cooper, 1899, 2 Ir. 381.

[15] Stanton v. Embrey, 93 U.S. 548, 23 L.Ed. 983; Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077.

[16] 28 U.S.C.A. § 379 does not apply. Treinies v. Sunshine Mining Co. supra, 308 U.S. at page 74, 60 S.Ct. 44, 84 L. Ed. 85.